[No. 275. Decided November 20, 1891.]

THE STATE OF WASHINGTON, *Respondent*, v. C. S. JONES, *Appellant*.

**CRIMINAL LAW—ACCESSORY AFTER THE FACT—INSTRUCTIONS—PREJUDICIAL ERROR.**

In a trial for grand larceny, an instruction is erroneous which charges that there is no longer any such offense as being accessory to a felony after the fact, and authorizes the jury to consider, as substantive proof of the crime charged in the indictment, such acts of defendant after its commission as, at common law, would only have tended to show that defendant was an accessory after the fact.

The giving of an instruction which is clearly not applicable to the facts in the case is prejudicial error, as it would have a tendency to mislead the jury.

*Appeal from Superior Court, Pierce County.*

The facts in this case are stated in the opinion.

*John C. Stallcup*, for appellant.

*W. H. Snell*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

HOYT, J.—Appellant was convicted of the crime of grand larceny, and sentenced therefor. On this appeal he urges several alleged errors of the court below as reasons for the reversal of the sentence. The only one which we shall discuss grows out of a certain instruction which the

court gave to the jury.   The conclusion to which we have
come as to such instruction makes it unnecessary for us
to discuss the other errors assigned, as they are not likely
to arise when the cause is again tried.   A portion of the
testimony relied upon by the prosecution was given by
persons who, by their own admissions, were accomplices
in the commission of the crime charged.   Therefore, it
became necessary and proper that the court should
instruct the jury as to the weight to be given to testimony
of this kind.   With that in view, the defendant asked
the court to instruct the jury as follows:

"The testimony of an accomplice alone would be insuf-
ficient to warrant a conviction, and, unless the testimony
of the witness or witnesses who confess their guilt in the
crime with which the defendant is charged is corrob-
orated by facts tending to connect the defendant with the
crime, you should acquit.   It is not sufficient that evi-
dence of the accomplice is corroborated by facts which
tend to show the commission of a crime alone, and that
the accomplice was concerned in it; but the corroborating
evidence must show that the defendant was concerned in
the crime."

The court refused to give such instruction without
modification, and gave it with an addition thereto, which
it styled a "slight modification," as follows:

"—either directly or indirectly.   By that I mean that
he must be proven beyond a reasonable doubt to have
actively participated in, or to have aided or abetted in,
the commission of the crime, either before or after its
commission.   This I will explain to you in this way:  In
this state, under our law, what was formerly called an ac-
cessory (that is, one who aided or abetted before or after
the fact)—that distinction is entirely done away with;
and, under the law of this state, one who aids or abets
another in the commission of a crime is equally guilty
with the active participator in the commission of the
crime, the same as if he had taken direct charge of the
commission of the crime itself.   If you find from the evi-

dence, beyond a reasonable doubt, that the defendant act-
ively participated in this crime, in feloniously taking
these goods (in the commission of the crime itself), or was
present, aided or abetted in the commission thereof, either
by participating in the crime, or by counsel or advice be-
fore the crime was committed, or aided in secreting the
property, or dividing the spoils after the crime was com-
mitted, with full knowledge of the crime, such participa-
tion as that would make him a principal as much as if
he took part in the active perpetration of the crime itself
(the actual felonious taking)."

To this refusal to give the instruction as asked, and to
the giving of the modification thereof, defendant ex-
cepted, and the correctness of the action of the court in
this regard is now before us for review. In our opinion,
the giving of the modification to said instruction was
clearly erroneous; in fact, the law therein stated is so
glaringly incorrect that we cannot understand how the
learned judge of the court below could have fallen into
so grievous an error. When we first examined the in-
struction it was so clearly inconsistent with our views of
the law that we felt assured that there must be some
statutory provision unknown to us which the court had
in view when it gave the same, but when we examined
the brief on the part of the respondent we not only
failed to find any reference to a statute which could pos-
sibly authorize the giving of such instruction, but instead
thereof we found an admission that the modification to
said instruction was not good law, and a practical con-
sent that, unless something appears in the case to show
that such erroneous instruction was not prejudicial to the
rights of the defendant, the judgment should be reversed.

If we have found all the law upon the subject covered
by this modification, we can well understand the reasons
why the learned attorney representing the respondent was
forced to make such admission. The only law which we

have found applicable to the question under review is contained in §§ 956–958, Code 1881, which sections are as follows:

"SEC. 956. No distinction shall exist between an accessory before the fact and a principal, or between principals in the first and second degree, and all persons concerned in the commission of an offense, whether they directly counsel the act constituting the offense, or counsel, aid and abet in its commission, though not · present, shall hereafter be indicted, tried and punished as principals.

"SEC. 957. Every person not standing in the relation of husband or wife, parent or grandparent, child or grandchild, brother or sister, by consanguinity or affinity to the offender, who, after the commission of any felony, shall harbor, conceal, or maintain, or assist any principal felon or accessory before the fact, or shall give the offender any other aid, knowing that he had committed a felony, or had been accessory thereto before the fact, with intent that he shall avoid or escape from detection, arrest, trial, or punishment, shall be deemed accessory after the fact, and shall, on conviction thereof, be imprisoned in the county jail not more than one year, or be fined in any sum not exceeding five hundred dollars.

"SEC. 958.—Every person who shall become an accessory after the fact to any felony may be indicted, convicted and punished, whether the principal felon shall or shall not have been convicted previously, or shall or shall not be amenable to justice, by any court having jurisdiction to try the principal felon, and either in the county where such person shall become an accessory, or in the county where such principal felony shall have been committed."

And even a superficial examination thereof will show that they furnish no warrant for giving the instruction under consideration. The instruction, fairly considered, clearly gave the jury to understand that, under the laws of this state, there was no longer any such offense as being accessory to a felony, whether before or after the fact, and authorized the jury to consider, as substantive proof of the crime charged in the indictment, such distinct acts of the de-

fendant after its commission as would have at common law tended only to show that defendant was guilty of being an accessory after the fact. Section 956, above quoted, if considered alone, sufficiently shows that such was not the intention of the legislature; and when we consider it in connection with the following two sections, also above quoted, it is too plain for argument that, while the effect of said sections was to do away with the crime of being an accessory before the fact, that of being accessory after the fact remained in full force, and, in fact, was specially provided for by the sections in question.

The giving of the instruction, then, was palpable error. A defendant, when prosecuted for a crime, has the right to have the cause submitted to a jury, with correct instructions as to the law applicable to the case; and the general rule is that, if the principles laid down for the guidance of the jury are not in accordance with the law governing the case, the judgment must be reversed; and it is also the general rule that, if an instruction is given which is clearly not applicable to the facts in the case, the giving of such instruction is prejudicial error. We cannot agree with the contention on the part of the counsel for respondent that the defendant was not prejudiced by the giving of the instruction. We do not agree with his contention as to the facts as shown by the proofs. As we read the same, there was evidence as to several distinct acts on the part of the defendant which tended as strongly to show that he was simply an accessory after the fact as that he was guilty of the principal crime; and, this being so, it is beyond the province of this court to say that, for the reason that there was no other proof in the case sufficient to have warranted a verdict of guilty, the defendant was not prejudiced by reason of the instruction in question. This court cannot look into the minds of the jury and discover what particular portion of the proofs controlled them in coming to a

conclusion that the defendant was guilty. It might well be that the fact testified to by the witness Allen, and practically admitted by the defendant, that he was present at Mrs. Cushing's on the Sunday following the commission of the crime, and there saw, and, as testified to by Allen, received a portion of the stolen goods, had a controlling influence in determining their judgment. Yet all of the acts of the defendant on that day, if disconnected with other proofs in the case, would have tended more strongly towards convicting him of being an accessory after the fact than of being guilty of the principal crime. By the instruction in question the jury are told that if they believe he was present on that Sunday, and participated in secreting the property, or dividing the same, if at the time he had knowledge that it had been stolen, this would be sufficient to warrant them in finding him guilty of the crime charged. So that if the jury believed from the testimony that he was thus present on said Sunday, and received any portion of the stolen goods, knowing them to have been stolen, under such instruction it would have been their duty to convict defendant of the principal crime, even although they further found as a fact that his thus participating in the division of the goods was the only connection which he had with the transaction. It must follow that said instruction was, in a legal sense, highly prejudicial to the defendant, and, being erroneous, constituted a fatal error. Besides, we are of the opinion that, even if the facts as proven had not tended in the least degree to establish a substantive offense of being accessory after the crime, or as being guilty of receiving the stolen property, yet the injection of this erroneous instruction into the case would tend to mislead the jury, and constitute prejudicial error.

The judgment and sentence must be reversed, and a new trial ordered.

ANDERS, C. J., and STILES, DUNBAR and SCOTT, JJ., concur.