[No. 238. Decided January 21, 1892.]

# WASHINGTON IRON WORKS COMPANY, *Respondent*, v. T. A. JENSEN AND LEWIS CROSSETT, *Appellants*.

MARITIME LIENS—EQUITABLE JURISDICTION—WAIVER OF OBJECTIONS—
RECEIVERS.

Under §§ 1939, 1940, Code 1881, providing for liens on steamers and vessels for certain services, materials and labor, which shall be enforced by a civil action, there may be a decree of lien, and foreclosure of same, upon a vessel for the price of machinery and other material used in its construction; and such statute is valid, although it may contain no provision for recording the lien, nor any provision authorizing the seizure of the vessel during the pendency of the proceedings against it.

The foreclosure of a lien upon a vessel, and the appointment of a receiver, being matters of an equitable nature, an action wherein such relief is sought is properly brought on the equity side of the court.

Where a case is brought on the equity side of the court and defendant takes issue upon the facts without raising the question, either by motion or demurrer, as to whether the action was properly brought, he cannot raise the question for the first time in the appellate court.

In the absence of special provisions regulating the proceedings in the foreclosure of liens upon vessels, it is within the power of the court, sitting as a court of chancery, to appoint a receiver to take charge of the property pending such proceedings.

## Appeal from Superior Court, King County.

Action by the Washington Iron Works Company against T. A. Jensen and Lewis Crossett for the balance of the purchase price of a marine engine and boiler and other material and labor used in the construction and equipment of a certain vessel, and claiming a lien upon said vessel, tackle, etc., for said material and labor. Judgment for plaintiff, and defendants appeal.

*Frederick W. Hankey*, for appellants.

*Thomas Burke* (*Burke, Shepard & Woods*, of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought early in the year 1889, in the territorial district court holding terms at Seattle, in and for the county of King, and upon the equity side of said court.   The plaintiff sought a personal judgment against the defendants for the balance of the purchase price of a marine engine and boiler, and other material and labor used in the construction and equipment of a certain domestic vessel then being built at Seattle, called the "James E. Boyden."   Plaintiff further, in said action, claimed a lien upon said vessel for the said material and labor, and asked that a receiver be appointed to take charge thereof and hold the same until the further order of the court, and asked that such vessel be sold and the proceeds applied to the payment of such judgment.   A receiver was appointed by the court, but for some reason, under some arrangement not made known to us, the defendants were allowed to retain possession of the vessel.   The defendants answered the complaint of plaintiff, denying so much thereof as alleged that the plaintiff had completed its contract as agreed, or had received an extension of time for its performance, or that there had been any compromise of the differences between the parties, or that the defendants had failed in their obligations.   For a counter claim against the plaintiff's demand, the defendants set up, substantially, that the plaintiff had delayed furnishing the material and services as agreed to beyond the contract time, to the damage of defendants in the sum of $3,360.   To the defendants' counter cleim plaintiff replied, denying the material allegations thereof.   Upon the admission to statehood, the superior court of said King county became possessed of the case.   The court found for the plaintiff on all the issues, and rendered a personal judgment against the defendants, and further decreed that the plaintiff had

a lien upon the said vessel, but did not decree any foreclosure thereof. Defendants took an appeal to this court.

So far as this action involves a decree of lien or foreclosure of the same, the right to such relief is given by chap. 136, Code of Washington, 1881. Sec. 1939 provides for liens upon steamers, vessels, etc., for certain services, materials and labor. Sec. 1940 provides that such liens shall be enforced by a civil action. It was conceded that the contract upon which this action was brought was not a maritime contract, and that if the respondent has a lien or a remedy for its foreclosure, the same must be derived from the force of the statute relating to contracts or services not maritime in character. The appellants contend that as the liens given by this chapter are secret liens, without any provision for record, or for manual retention or seizure of the thing sought to be charged, that the legislature had no power to create them, and that they should be held void, as against public policy; that the statute does not provide any course of procedure for enforcing such liens except "by a civil action in any district court in this territory;" that this vague direction of the statute is not aided by any form of proceeding provided for in the ordinary civil procedure under the code, and presents the anomaly of a right without a remedy; furthermore, that the trial court sitting as a court of equity had no jurisdiction of the subject-matter of this action, as the lien, if any existed, was purely the creature of the statute, with no provision for an equitable foreclosure, and that it could only be enforced in an action at law, if at all.

As to the first proposition, it is well settled that the admiralty jurisdiction of the courts of the United States does not extend to cases where a lien is claimed by the builders of a vessel for work done and material furnished in its construction, or for fitting her with engines, boilers or other machinery, which enter into her construction when she is

built, although the general maritime law of the world gives a lien therefor. In most of the states, construction and home port liens have been given by statutes, the same being intended to remedy the deficiency in the admiralty law of the United States, and restore the privileges given by the general maritime law as it exists in other commercial countries. The jurisdiction of the state courts and of admiralty supplement each other, the jurisdiction of the state courts terminating where the national jurisdiction begins. That the legislature has power to create such liens has been generally recognized, and is well established. Although there is no provision for recording such a lien, nor any special provision authorizing and requiring a seizure of the vessel upon the inception and during the pendency of the proceedings, this would not afford sufficient ground for holding our own legislation upon that subject void under all the circumstances. It might have some bearing upon the operation thereof in particular cases, where the rights of third parties should intervene, but there is no such question in this case.

Now as to the remedy. Appellants insist very strongly that the lien being purely legal in character cannot be enforced in a court of equity, because there is no statutory provision authorizing such a foreclosure, and they cite a number of authorities to the end that there is no relief to be had in equity in such cases, but we do not think these authorities are applicable under our legislation and practice. The statute says that the same shall be enforced by a civil action. Sec. 2 of said code provides that:

"There shall be in this territory hereafter but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be called a civil action."

Secs. 73 and 74 are as follows:

"Sec. 73. All the forms of pleadings heretofore existing in civil actions, inconsistent with the provisions of this

code, are abolished, and hereafter the forms of pleading and the rule by which the sufficiency of the pleadings is to be determined, shall be as herein prescribed."

"Sec. 74. The only pleadings on the part of the plaintiff shall be: (1) The complaint.   (2) The demurrer.   (3) The reply.   And on the part of the defendant: (1) The demurrer.   (2) The answer."

Subdivision 4 of § 76 provides that, "When the relief sought is of an equitable nature, the complaint shall be addressed to the judge of the district in which the action is brought." This is the only distinction, so far as the form of the action is concerned; otherwise the pleadings are the same.   When the statute provides that these liens may be enforced in a civil action, it must mean the civil action provided by the code, and this may be upon either the law or equity side of the court of the nature as the relief sought may require.

This much being determined, upon which side of the court should the action heve been brought?   Appellants claim upon the law side as stated, and they claim that this was an action at law, notwithstanding the complaint was addressed to the judge, as required in equity cases.   The respondent argues that the aid of equity was also invoked at the very beginning of the suit by the request for the appointment of a receiver, which was granted; that the power of appointing receivers is inherent in courts of equity; that a receiver is a ministerial officer of a court of chancery; that the remedy of the appointment of a receiver is one of the very oldest in the court of chancery, and is founded on the inadequacy of the remedy to be obtained in a common law court of ordinary jurisdiction, and that the jurisdiction, both of the United States courts and the state courts, in the appointment of receivers, is distinctly equitable.   In support whereof the respondent cites Beach on Receivers, §§ 1, 2, 3, 9, 10.   The appellants contend this in no wise argues that the court may not appoint a

WASHINGTON IRON WORKS CO. v. JENSEN. 589

Jan. 1892.]        Opinion of the Court—Scott. J.

receiver by virtue of direct statutory authority, and with-
out any resort to, and entirely independent of, its equity
jurisdiction; that subdivisions 3 and 6 of § 193 of the
Code unquestionably give to the court the power of ap-
pointing a receiver in cases at law without the supplemental
aid of any proceeding in equity whatever; that it was un-
doubtedly the intention of the legislators to avoid the neces-
sity under the old practice of resorting to equity for the
auxiliary aid necessary for the security of legal rights, and
that any other construction of this act would result in doing
away with the jury trials in every case where the pleader
sought, or the court granted, the appointment of a receiver;
that the code has made those equitable remedies formerly
used in aid of a suit at law part of the remedy in every
civil action, and they cite *Second Ward Bank v. Upmann,* 12
Wis. 555, 499 and *Jones v. Graves,* 20 Iowa, 596.  They con-
tend that this was in the nature of an action at law, and
being so that they were entitled to a trial by jury, regard-
less of the fact that the plaintiff sought to distinguish it as
an equitable action by addressing the complaint to the
judge.   They further cite us to the fact that in the chapter
of the code providing for the liens of mechanics and others,
upon real property, the legislature declared that the same
might be "enforced in a civil action in the same manner
and under the same proceedings as govern in the foreclosure
of mortgages on real estate," which are foreclosed by pro-
ceedings in equity.   There is a chapter in the code regu-
lating the procedure in the foreclosure of mortgages on real
estate, but it nowhere declares that it shall be known as, or
that it is, an equitable proceeding, and appellants' argument
is without force in this respect.   For some reason the legis-
lature did point out a particular manner of proceeding in
the foreclosure of mechanic's liens, etc., upon real estate,
by making the same identical, so far as possible, with the
procedure in the foreclosure of real estate mortgages, but

this, of itself, did not designate that it should be by an equitable action.    Hence the legislature made no distinction between such liens and the one here sought to be foreclosed, as to the side of the court upon which the proceedings should be had.    It did provide for a particular proceeding in the one class of cases, and left the other to the general powers of the court.

The contention of the appellants seems to be right, in that the code authorizes the appointment of receivers in actions at law, but certainly there is nothing preventing the court sitting as a court of chancery from appointing receivers also.    The equity powers of the court are not limited to such matters as are especially conferred by statute, but it is a court of general jurisdiction having all the powers of a court of chancery at the common law excepting as limited or regulated by statutory provisions.    So far as the appointment of receivers is concerned, however, it was not contended by the appellants that the provisions of the code relating to their appointments do not apply as well to the equity as to the law side of the court, but that they do authorize the appointment of receivers in actions at law.    It has always been the practice to foreclose mortgages, real and personal, as well as the said liens of mechanics and others upon real estate, by suits in equity, although there is no special provision therefor, excepting the one directing the complaint to be addressed to the court where the relief sought is of an equitable nature.    This seems to be the sole test, and it is a sufficient one.    The relief sought in this case is clearly of an equitable nature, and the action was properly brought in equity.    Furthermore, the respondent did bring it there, and the appellants took issue upon the facts without raising the question as to whether the action was properly brought, either by demurrer or motion, and having acquiesced in the procedure there they will not be permitted to raise the question here.

In any event the jurisdiction would not go to the subject-matter in the sense that there could be no waiver as to the side of the court upon which the suit should be entertained. Appellants did not even demand a trial by jury, but allege that it was error upon the part of the court to proceed to a trial of the cause without a waiver of a jury by a stipulation in writing or by oral consent of the parties in open court and entered in the records, as provided by § 204 of said code.

In finding that the case was rightfully brought in equity, we are not called upon to decide whether we would under the circumstances of this case follow the rule laid down in *Meeker v. Gilbert*, 3 Wash. T. 369 (19 Pac. Rep. 18) and *Baker v. Prewitt*, 3 Wash. T. 595 (19 Pac. Rep. 149), in an action at law. There being no special provisions regulating the proceedings in the foreclosure of these liens, the full powers of the court sitting as a court of chancery can be invoked to enforce the same, and a receiver may be appointed to take charge of the property pending the proceedings, under the direction of the court. The fact that such liens are secret in their character might furnish a reason for prompt action upon the part of the claimant if he desired to protect himself against the possible intervention of the rights of third parties without notice. He should certainly be required to do everything reasonable in order that other and innocent parties might suffer no injury if his claim is to have preference over them, but as we have said no such interests are involved in this case.

The judgment and decree of the superior court is affirmed. The respondent asks that the same be supplemented by a decree of foreclosure, and the same is granted. The cause is remanded with an instruction to the lower court to grant such further decree or order as may be necessary for the enforcement of the lien by a sale of the property.

ANDERS, C. J., and HOYT, STILES and DUNBAR, JJ., concur.