[No. 433. Decided July 7, 1892.]

WILLIAM HILDEBRANDT, *Respondent*, v. GEORGE M. SAVAGE, *Appellant.*

MECHANIC'S LIEN—FORECLOSURE—PERSONAL JUDGMENT.

In an action to foreclose a mechanic's lien there can be no personal judgment where the lien fails, the only personal judgment authorized under our statutes (Gen. Stat. § 1673) being for whatever deficiency there may be in the proceeds of the sale of property against which a lien has been established.

Although there can be no personal judgment in an action to foreclose a mechanic's lien where the lien fails, yet in order to take advantage of this error, on appeal, defendant must raise the question at the trial in the superior court, either by objecting to the action's proceeding in equity, or by demanding a jury trial. (STILES and DUNBAR, JJ., dissent.)

*Appeal from Superior Court, Thurston County.*

*George M. Savage* and *J. P. Moore,* for appellant.

*Allen & Ayer,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This action was brought to foreclose a lien for materials furnished and labor performed in the erection of a building by the respondent for the appellant. A number of defenses were interposed to the effect that the plaintiff had not complied with the contract on his part, and a

counterclaim for damages was set up.   The defendant also denied the existence of any lien.   The lower court found the lien to be invalid, but rendered a personal judgment in favor of the plaintiff against the defendant for the amount it found to be due on the contract.   The appellant alleges this as error, and he also contests the findings of the lower court in several particulars upon the evidence.   We are of the opinion that our statutes do not authorize a personal judgment in an action to foreclose a mechanic's lien where the lien fails.   The authorities are all to the effect that such a judgment cannot be rendered unless specially authorized by the statute; in fact the authority to render a personal judgment at all must depend upon the statute. Phillips on Mechanics' Liens, §§ 446–7.   In § 448 it is stated:

"When the owner or contractor is responsible under the contract, in addition to the land being charged with the lien, and where the statute confers jurisdiction on the court to give judgment on the indebtedness arising out of the contract, personal judgment may be rendered against the defendant debtor as in *assumpsit,* although the plaintiff in such suit may have failed to establish his lien."   Citing authorities.

" This right to enter a personal judgment in the lien proceeding is the grant of express enactment, and without it, if the lien has expired or failed, no judgment whatever can be rendered for the claimant.   He cannot convert his proceedings into an action for the recovery of money upon a personal contract, and insist upon the defendant's personal liability.   So, if no lien ever existed, then no judgment can be rendered against the owner, as the proceeding being statutory, it can only be resorted to in a case falling within the statute, that is, where a mechanic's lien exists."

Sec. 1673, Gen. Stat., provides:

" In every case in which different liens are asserted against any property, the court in the judgment must declare the rank of each lien or class of liens, which shall be

in the following order: . . . And the proceeds of the sale of the property must be applied to each lien or class of liens, in the order of its rank; and whenever on the sale of the property subject to the lien there is a deficiency of proceeds judgment may be rendered for the deficiency, in like manner and with like effect as in actions for the foreclosure of mortgages."

This is the only statute we have authorizing the rendition of a personal judgment. It is clear and explicit in that it only allows a judgment for a deficiency after sale of the property. And if, through a failure of the lien, the property cannot be sold, no judgment is authorized.

It is contended by respondent that a court of equity once having obtained jurisdiction in a cause will maintain it to the end. This proposition cannot be disputed but the question is, when does the court obtain jurisdiction in a cause like this? Clearly the court had no jurisdiction excepting to foreclose a lien. Now, can a party by coming into court, and setting up a mere pretended lien, which has no validity, confer jurisdiction upon the court to render a personal judgment upon a contract which otherwise would only be triable in an action at law, and thus deprive the defendant of the benefits of such a trial? It is admitted that if the equitable features of the action were so wanting or ill founded as to amount to bad faith upon the part of the plaintiff, the action could not be maintained, but it is contended that if it is apparent the plaintiff sought the equity side of the court in good faith the court would thereby get jurisdiction; in other words, making the jurisdiction of the court depend upon the good faith of the party in asserting his equitable rights. We do not think this position can be maintained in a case like this. As to whether a lien is sufficient upon its face is purely a question of law, and the defects in the lien in this instance were thus apparent by an inspection. The jurisdiction of the court ought not to be made to depend on the mere in-

tent or belief of the plaintiff. If his good faith is to be justified to any extent by the facts, and subject to inquiry accordingly, the law and practice would be rendered very uncertain in this respect, and present great practical difficulties in the determination of questions of jurisdiction to which it would give rise. In *Green v. Sprague*, 120 Ill. 419, which was an action to foreclose a mechanic's lien, it is said:

"'The statute does not contemplate that there shall be any such thing as a personal decree alone. The decree rendered may operate as such, so far as respects any deficiency, after there has been a sale upon execution of the property subject to the lien, and it fails to satisfy the amount found due. The statute, by all its provisions, is only intended to apply and have operation as respects property which may and is to be sold on execution.' The same doctrine is declared in *Baptist Church v. Andrews*, 87 Ill. 172. These cases are conclusive on the analogous question involved in this case. The superior court found the property was not subject to the lien of the mechanics and material men, and assuming that finding to be correct, it should have dismissed the petitions. Under the statute, the court had no rightful authority to render a personal decree against the party with whom the contracts were made, in favor of the mechanics and material men."

The Illinois statute in force at that time provided that:

"Sec. 8. Suits instituted under the provisions of this act shall be placed upon the chancery docket, and stand for trial as other suits in chancery."

"Sec 9. For the purpose of bringing all parties in interest before the court, the court shall permit amendments to any part of the pleadings, and may issue process, make all orders requiring parties to appear, and requiring notice to be given, that are or may be authorized in proceedings in chancery, and shall have the same power and jurisdiction over the parties and subject, and the rules of practice and proceedings in such cases shall be the same as in other cases in chancery, except as is otherwise provided in this act."

"Sec. 25. If, upon making sale of any premises under this act, the proceeds of such sale shall not be sufficient to pay the claims of all parties, according to their rights, the judgment shall be credited by the amount of such sale, and execution may issue in favor of any creditor whose claim is not satisfied, for the balance due, as upon a judgment in actions of debt or *assumpsit,* and in case of excess of sales over the amount of judgment, such excess shall be paid to the owner of the land, or to the person who may be entitled to the same, under direction of the court."

Such are the decisions in New York prior to the act of 1885, § 15, providing for the entry of judgment in such cases. In *Grant v. Vandercook,* 57 Barb. 171, the court says:

"But the plaintiffs claim that although their mechanics lien has ceased to be operative by reason of failing to foreclose within a year, still they can use the proceedings they have commenced, to foreclose after the expiration of the lien, as an action on contract to recover the claim (which the lien secured) and obtain a judgment which binds the defendant's estate generally from the day of its docketing; or, in other words, that they can abandon their lien, and recover a personal judgment against the defendant, which will bind his property as if the action had been originally commenced on the simple contract, irrespective of the lien. Their theory is based on § 14 of the laws of 1854, page 1090, which says: 'After issue joined, the action shall thereafter be governed and tried in all respects as upon issue joined and judgment rendered in other actions arising on money demands upon contracts in said court, and the judgment enforced as prescribed by § 11 of said act.' But it must be borne in mind that this same language was used in § 8 of the laws of 1851, page 955, regulating mechanics' liens in New York city; and yet the court held, in *Quimby v. Sloan* (2 E. D. Smith, 609) and *Sinclair v. Fitch* (3 *E. D. Smith,* 691), both decided under the law of 1851, § 8, page 755, that notwithstanding that § 8 of 1851, the proceedings could not be used to recover a personal judgment against the defendant; that if the lien had expired or failed, no judgment whatever

could be rendered for the plaintiff, and that the plaintiff could not convert his proceedings into an action for the recovery of money upon a personal contract, and insist upon a personal liability. Those cases were where the contractor sued the owner and established his claim, but failed to establish any lien."

In *Weyer v. Beach,* 79 N. Y. 412, it is stated:

" This point has several times been decided by this court. The proceeding is statutory and can only be resorted to in a case falling within the statute, that is, where a mechanics' lien exists. The main object of the proceeding is to enforce the lien, and the power to render a personal judgment is merely incidental to the main purpose, and to avoid the necessity of resorting to a separate action. But where no lien exists, this form of proceeding cannot be resorted to for the purpose of enforcing a mere personal contract between parties, and the unfounded allegation of the existence of the lien does not authorize the substitution of this proceeding in place of the proper common law action. If it did, all demands on contracts relating to building, and many others, might be enforced by proceedings under the statute by simply making the false allegation that a lien had been acquired."

The respondent, in support of the position that the court can render a personal judgment against the owner in favor of the contractor where the lien fails, cites § 295 of Phillips on Mechanics' Liens, where it is held that as "between the lienor and the contractor, who is personally liable to him, the ceasing of the lien does not affect the proceedings if the court has jurisdiction to try the issues joined." This jurisdiction must depend upon the statutes only, and, as we have seen, under our statute the jurisdiction to try the other issues depends upon the existence of the lien itself.

Originally in Colorado it was held that in such cases where the lien failed no personal judgment could be rendered, and this continued to be the holding until such a judgment was expressly authorized by the statute. *Barn-*

34—4 WASH.

*ard v. McKenzie*, 4 Col. 251; *Cannon v. Williams*, 14 Col. 21, where the court says:

"Under the mechanic's lien law of 1872, and the lien laws enacted during the succeeding ten years, the foregoing conclusions would probably require a dismissal of the cross-complaint (the lien having failed). For the money judgment then shared the fate of the lien." Citing *Barndar v. McKenzie*. "But the lien statute of 1883, under which the parties to this litigation acted, contained the following: 'Each party who shall establish his claim under this act shall have a judgment against the party personally liable to him for the full amount of his claim so established, and shall have a lien established and determined in said decree upon the property to which his lien shall have attached, to the extent hereinbefore stated.'" Also, "the practice under this act shall be in accordance with the Code of Civil Procedure of the State of Colorado." And the court held that "Giving these provisions a liberal construction they must be regarded as modifying the preceding statutes, and a departure from the view announced in the decisions mentioned is accordingly rendered necessary. . . . The foregoing construction is in harmony with the policy of present legislation upon this feature of the subject in hand. The act now in force places the right to a personal judgment for the sum due, though the lien itself fail, beyond possible controversy."

This statute authorized the rendition of a judgment for the full amount of the claim proved, and was very different from the one in force in this state which just as clearly only authorizes a personal judgment in case of a deficiency.

We are of the opinion, upon a full investigation of the authorities, that there can be no personal judgment for the sum found due where the lien fails, yet we are also of the opinion that, to take advantage of this on appeal, appellant must have raised the question at the trial in the superior court, either by objecting to the action's proceeding in equity or by demanding a trial by jury.

In the case of the *Vendome Turkish Bath Co. v. Schet-*

*tler*, 2 Wash. 457, decided by this court, which was an appeal from a judgment foreclosing a mechanic's lien, we expressly decided that in case the lien failed, a personal judgment could not be rendered, but in that case the defendant had demanded a trial by jury, which the court refused.

It is stated that the case of *Kellogg v. Littell & Smythe Mfg. Co.*, decided by us, is in conflict with this position. See 1 Wash. 407. In that case the lien was held invalid, and the cause was remanded with instructions to set aside the judgment, and to render a personal one for the amount found to be due. The distinguishing feature, however, in that case is that there had been no objection to the trial of these matters in an equitable proceeding, and there had been no demand for a jury trial.

In *Washington Iron Works v. Jensen*, decided by us, 3 Wash. 584, which was an action to foreclose a lien upon a steamboat for materials furnished and labor performed, which entered in the construction of such boat, it is held that where the action was brought in equity, and the defendants took issue upon the facts, without raising the question as to whether the action was properly brought, they will not be permitted to raise the question here; that in any event the jurisdiction would not go to the subject matter in the sense that there can be no waiver as to the side of the court on which the suit should have been brought. We think this should be the test, although the court has no jurisdiction to render such a judgment in case objection is made, yet it is not a question going to the jurisdiction of the subject matter under our practice, and where a party acquiesces in the proceeding in the lower court he ought not to be allowed to raise the question on appeal. The only substantial advantage that a party could have in the trial of such an issue in an ac-

tion at law over an action in equity under our practice would be the right to have the issues of fact determined by a jury. The court, in the exercise of its discretion, may submit questions of fact to a jury in an action in equity, while the verdict is only advisory in such an action, yet if a jury trial is had and the verdict is followed, or if a jury is not demanded, the defendant suffers no injury in having the cause tried in equity. If he is content that the court should determine the facts, or if he has the benefit of a jury trial, it can make no difference to him, in this respect, whether the action is in equity or at law. The issues are the same in either case, it is in the same court, and before the same judge.

In this action there was no objection to its proceeding in equity, and there was no demand for a jury trial. On the contrary, we find it expressly stipulated by and between the parties that—

"The above entitled action should be tried before Byron Millett, an attorney at law and a member of the court, who shall *hear and decide* said action as special judge of said court, and in all the stages and progress of said action before, during and subsequent to the trial thereof shall act as such special judge; and that his rulings, orders and judgment therein shall be made and entered of record as the rulings, orders and judgment of said court, to which either of said parties may except, and from which either may appeal, as in like cases before the regular judge of said court."

And said Byron Millett was accordingly appointed by the court as a judge *pro tempore*. It is true this stipulation may only have been intended for the purpose of procuring the appointment of a judge *pro tempore* to try the action, and the same right to a jury trial may have existed as if the case had been tried before the regular judge. But it seems to go farther. It not only provides for a trial before such judge, but explicitly stipulates he shall *decide* the

action. Furthermore, the cause did proceed before him upon the issues of fact and law as stated without objection. Under the circumstances of the case, the appellant suffered no injury in having the judgment rendered against him upon the issues of fact as in an equitable action.

In so far as the proof is concerned upon the questions of fact we are not disposed to disturb the findings of the superior court in the premises, and the judgment is, therefore, affirmed.

ANDERS, C. J., and HOYT, J., concur.

STILES, J. (*dissenting*).—I am entirely satisfied with the decision arrived at in the majority opinion, to the effect that in a mechanic's lien case, the lien failing, there can be no personal judgment against the owner; but I cannot agree with that part of the decision which finds that jurisdiction is conferred by the defendant's not demanding a jury trial.

The stipulation referred to, in my judgment, was nothing more than an extraordinarily full stipulation to qualify the Mr. Millett as a special judge to try the case, and conferred no jurisdiction on him to do anything more than the judge of the court could have done without any stipulation.

It seems to me, as this case has been decided, that the statute is a mere trap into which defendants in such cases are almost certain to fall. The case being tried as an equity action, the party has no right to a jury trial; but the holding is that unless he demands a jury trial—a thing which he cannot have—he will be estopped from saying that the judgment rendered by the court without jurisdiction is not binding upon him.

In this case the whole attention of the parties was directed to the establishment of the lien on one side and its defeat on the other. The appellant had no opportunity to object to the court's entering a personal judgment against him, because no such thing was discussed or expected by

either party.  I think it would be far more fair, to hold that lien claimants should try the cases which they bring under the statute, and, if defeated in that action, should not have the reward of being allowed a judgment which the law does not contemplate; and that the defendant, although substantially the victor in the cause, should be compelled to pay the costs of disproving a sufficient lien claim·

DUNBAR, J., concurs.