[No. 956.   Decided December 27, 1893.]

TACOMA LUMBER AND MANUFACTURING COMPANY, *Respondent*, v. SAMUEL WOLFF *et al.*, *Defendants*, JOHN HUNTINGTON, *Appellant*.

VACATING JUDGMENT — IRREGULAR ENTRY — MODIFICATION OF JUDGMENT.

It is no ground for vacating a judgment that it was irregularly entered as a judgment at law in a suit in equity. (STILES and ANDERS, JJ., dissent.)

Where, in an action to foreclose a mechanic's lien for materials furnished for the construction of a building, a personal judgment is rendered against a contractor, the judgment will not be vacated on petition of the contractor, on the ground that he would be able to show that plaintiff agreed not to hold him personally liable for the debt, when the trial court has already found that no such agreement had been made by or on behalf of the plaintiff. (STILES and ANDERS, JJ., dissent.)

It is not error for a court, while refusing to vacate a judgment in a proceeding therefor, to modify the judgment as to the amount of costs taxed therein.

*Appeal from Superior Court, Pierce County.*

*J. S. Whitehouse*, and *Baker & Campbell*, for appellant.
*Hudson & Holt*, for respondent.

The opinion of the court was delivered by

HOYT, J. — Appellant instituted a proceeding in the superior court whereby he sought to have vacated a certain judgment theretofore rendered in said court against him, together with other parties. Affidavits in aid of such proceeding were filed by him, and counter affidavits by the plaintiff named in such judgment. Upon deciding the issue of fact, as it saw the burden of proof, the court below refused to vacate such judgment, and from the order so refusing this appeal is taken. A large number of questions have been discussed by the appellant, many of which have been addressed to points raised in the original cause, in which the judgment was rendered, prior to such judgment. In our opinion, very few of the questions thus discussed are involved in the decision on this appeal. The most that is claimed as tending to show that the original judgment sought to be vacated was void was, that it was rendered as a judgment at law in a suit in equity. But, in our opinion, if all that is said by the appellant upon that point is conceded, it would in no manner show that such judgment was void. The most that it would establish would be that the entry thereof was erroneous, and while this would be enough to demand from this court a reversal of such judgment if an appeal had been prosecuted therefrom, it becomes of comparatively little moment in a proceeding for the vacation thereof. In such a proceeding such fact can have no controlling influence so long as the irregularity was not such as to deprive the court of jurisdiction.

All courts hold, and we have frequently done so, that it is not enough to entitle a party to have a judgment against him vacated that he should show that it had been irregularly entered; he must, in addition thereto, establish to the satisfaction of the court the fact that such judgment is

unjust and inequitable as against him.   Proceedings of this kind are of an equitable nature, and courts will not interfere with the judgment simply because it may have been erroneously entered, unless, in addition thereto, it is made to appear that it is unjustly burdensome to the moving party.   In such a proceeding pure technicalities can have little influence upon the decision of the court, if the judgment sought to be vacated is not of such a nature that, if it were set aside, the moving party would be able to interpose a substantial defense upon a new trial, or in another proceeding involving the same cause of action.

Such being the status of the judgment, and such being the office of proceedings of this kind, but a single reason was presented by the showing of the moving party why such judgment should in such a proceeding be vacated and set aside, and that was, that if so set aside he would be able to show in his defense that by an arrangement between him and the plaintiff it was agreed that he should not be held personally liable for the debt which was the foundation of such judgment.   It in no manner attacked the *bona fides* of the indebtedness nor the fact. of the original liability of himself and partner for the payment thereof.   If the court below had determined this single question of fact as to such agreement having been made in favor of the moving party, such finding would have been sufficient under all the circumstances of this case to have entitled him to have had the judgment set aside.   But, unfortunately for him, the lower court found expressly to the contrary, and found that no such agreement had been made by or on behalf of the plaintiff.   The court having so determined this fact, there remained nothing in the showing to influence it to set aside the judgment.   In its opinion there was no merit in the alleged defense, and that, for that reason, another trial would result in the same or a similar judgment against the moving party.

It may be suggested that the appellant was entitled to have the question of fact thus raised determined in a law court, but to so hold would be equivalent to deciding that a court of equity must not decide a fact properly before it as it sees it, but must determine it in favor of the side having the burden of proof upon what it deems to be a preponderance of evidence upon the other side, to the end that the same question should be again passed upon in a court of law. This principle, if carried to its logical conclusion, would practically destroy all equitable jurisdiction, and we are unable to subscribe thereto. When a case has so progressed that a party who desires relief in relation thereto must appeal to a court of equity, he must so appeal to it for the purpose of having it decide all questions both of law and fact. It is no doubt true that a court, in a proceeding of this kind, should in cases of doubt so decide questions of fact as to give the party a right to have it again determined by a law court. But to hold that, however clear the preponderance of evidence against the showing of the moving party may be, the court must decide in accordance with the claim of the moving party, would not only be contrary to every rule applicable to the trial of questions of fact, but would in its results enable a party against whom almost any judgment had been rendered to procure its vacation, and the benefit of a new trial, by the preparation of an adroit showing as a foundation for his motion to vacate the same.

It follows that, in our opinion, this judgment was at most simply irregularly entered, and that the findings of the lower court upon the facts were such that the appellant was not entitled to any relief as against such judgment.

As to the cross appeal, by which respondent sought to have the action of the court in modifying the judgment set aside, we are of the opinion that the action of the court in

that regard was warranted.   The modification did not go to the principal of the original judgment, but only went to the costs as taxed therein, and, under all the circumstances, we are not prepared to hold that the court did not have jurisdiction to modify the judgment as to such costs in the proceeding from which this appeal was taken.

The order refusing to vacate the judgment, and modifying it as to the costs, must be affirmed.

DUNBAR, C. J., and SCOTT, J., concur.

STILES, J. (*dissenting*).— So far as this was a special proceeding under Code Proc., § 1393, sub. 4, to vacate a judgment "for fraud practiced by the successful party in obtaining the judgment," it was governed entirely by the statute.   And thus far it was equitable in its nature and triable by the court.   But the judgment was also attacked on the ground that the court had no jurisdiction to enter it, because it was a money judgment entered against contractors, in a suit to foreclose a mechanic's lien, and as to that portion of the proceeding it was nothing but a naked question of law.

I maintain, in the first place, that the case presented by the petition on the ground of fraud has never, as yet, been tried, and that the judgment was, therefore, erroneous. Code Proc., § 1395, provides for the filing of a verified petition stating the facts constituting a cause to vacate, and if the party asking the vacation is a defendant, the facts constituting a defense to the action.   Such a petition was filed, the defenses being the want of jurisdiction in the court, and a settlement of all matters of account with the judgment plaintiff.   Code Proc., § 1396, provides that in such a proceeding all things shall be done, as near as can be, "as in an original action by ordinary proceedings," except that the facts stated in the petition shall be deemed denied without answer.

Now in this case an answer was filed, and with it a lot of *ex parte* affidavits, which were answered by like *ex parte* affidavits for the petitioner, and they in turn were replied to.    These affidavits, with the record in the original fore- closure suit, constitute the material facts according to the statement.    Not a witness was sworn, nor any opportunity given to cross examine the makers of the affidavits, nor is there anything to show what or how many of the affidavits were considered by the court.    But granting that all of the affidavits were considered, there was no trial of the ques- tion of fraud "as in an original action by ordinary pro- ceedings;" on the contrary, the whole matter was treated as though it were a mere motion, which, under the statute, it is clearly not.

But whether a motion or not, I hold that the personal judgment rendered against the contractors in the me- chanic's lien case was absolutely void.    This was the main point presented to this court, although the opinion does not notice it.    The proceeding to secure and foreclose a mechanic's lien is a purely special and statutory one, and there is not an intimation in the law that there shall be any result except the ascertainment of the amount due and the decree of sale.    The contractor may be a proper party but he is not a necessary party, and if he is not made a defendant a decree would not be disturbed.    The owner alone can be prejudiced by an omission of that kind.    The general rules governing the joinder of causes of action ab- solutely forbid that a suit *in rem* against the land of one party should be joined with another for a money demand on contract against a different party.    On this point I shall only cite Phillips on Mechanics' Liens, § 397.

The case of *Hildebrandt v. Savage*, 4 Wash. 524 (30 Pac. Rep. 643), furnishes no precedent for such a judg- ment.    That was the foreclosure of the contractor's lien against the owner, a case where there would be some log-

ical reason in determining all the matters at issue between those parties, growing out of the building contract, in one suit, the fact that the owner may be tricked out of his right to a jury trial being the main objection to such a proceeding.

In *Stetson & Post Mill Co. v. McDonald*, 5 Wash. 496 (32 Pac. Rep. 108), this court directed a judgment against contractor McDonald to be affirmed, and the same judgment made to include his partner Docking. Whether this would have been done had the court's attention been called to the point, I am unable to say; but the fact is that that case was heard mainly upon the sufficiency of the lien notice, the respondents contenting themselves, so far as the personal judgment was concerned, with the citation of *Eisenbeis v. Wakeman*, 3 Wash. 534 (28 Pac. Rep. 923), in support of the position that a jury trial was the contractor's right. There was certainly no intention in the *Stetson* case to overrule the *Eisenbeis* case, and when in the latter it was said that there was no *power* in the court to render a personal judgment against the contractor, I think it was understood that want of jurisdiction was at the basis of the want of power; and if there was no jurisdiction to render a personal judgment in the special proceeding, then the judgment entered was void. We might just as well say that jurisdiction could be acquired to compel the delivery of specific personal property in a summary proceeding in forcible entry as to sustain this void judgment.

ANDERS, J.—I concur in the above.