[No. 1221.  Decided March 31, 1894.]

O. B. LITTELL, *Assignee of the claim of Littell & Smythe Manufacturing Company, Appellant,* v. P. B. M. MIL-LER *et al., Respondents.*

FORECLOSURE OF MECHANIC'S LIEN—PERSONAL JUDGMENT AGAINST CONTRACTOR—REVERSAL OF FORECLOSURE DECREE.

An appeal from a decree of foreclosure of a mechanic's lien, which results in a reversal of the decree on account of the invalidity of the lien, will not affect the personal judgment obtained against the contractor in the foreclosure proceeding, when he has not joined in the appeal.

*Appeal from Superior Court, King County.*

*Thomas T. Littell,* for appellant.

*Stratton, Lewis & Gilman,* for respondents.

The opinion of the court was delivered by

HOYT, J.—The appellant, or his assignor, furnished materials for the erection of a certain building in the city of Seattle.    Not having been paid therefor, an action was brought against the alleged owner of the building and the

person to whom most of the materials had been furnished, who was alleged in the complaint to be the contractor for the erection of the building. It was also alleged in the complaint that the owner had himself procured to be fur-nished a small part of the materials.

Upon the trial of the action in the superior court a judg-ment was rendered against the defendant Deal, to whom as contractor the most of the materials were furnished, for the amount remaining unpaid thereon, and against the al-leged owner for the portion of the materials furnished directly to him, and both of such amounts were adjudged to be a lien upon the building, the sale of which was or-dered to satisfy such lien. From this judgment and decree the defendant, P. B. M. Miller, the alleged owner of the building, took an appeal to this court, where it was held (3 Wash. 480, 28 Pac. 1035) that the suit for foreclosure of the lien could not be maintained against him, for the reason that he was not the sole owner of the property, and it was here adjudged that the cause should be reversed and remanded for further proceedings.

When the cause was again brought to the attention of the superior court there were some questions raised and discussed before the case was called for final disposition, which are not raised upon this appeal. Upon the final consideration of the case the court came to the conclusion that the judgment against Deal had not been affected by the proceedings in the appellate court, for the reason that he had not joined in the appeal; that such judgment re-mained in force and was a final adjudication of the rights of the appellant growing out of the furnishing of the ma-terials to said Deal as contractor. For that reason appel-lant was not allowed to introduce any proofs tending to show that there had been such a novation as to make the defendant Miller primarily liable for such materials.

If this judgment was in force there could be little doubt

of the correctness of such ruling on the part of the superior court. As a foundation for such judgment the appellant had alleged in his complaint that the materials were furnished to said Deal, and had made no suggestion of any such fact as would tend to show that any other person was primarily liable to the appellant therefor; and if the judgment entered thereon is still in force it would be such an adjudication of the rights of the parties as would preclude appellant from now showing that in fact the primary liability of said Deal had been transferred by the action of the parties to the defendant Miller, and the said Deal relieved therefrom. It is only necessary for us, therefore, to decide as to whether or not the judgment against Deal was in force at the time the cause came before the court for a second trial.

It is contended on the part of the appellant that such judgment is void, for the reason that the authority to render it in a suit to foreclose the mechanic's lien depended upon the existence of such a lien, and that when it was found that there was no lien, the jurisdiction to render a judgment against the contractor was taken away; and he cites the cases of *Hildebrandt v. Savage*, 4 Wash. 524 (30 Pac. 643), and *Eisenbeis v. Wakeman*, 3 Wash. 534 (28 Pac. 923), to sustain such contention. There are some expressions in those cases which justify their being so cited. But upon a careful consideration of the opinions, in the light of the facts before the court, it will be seen that they do not go to the extent of holding that the judgment against the contractor, under the circumstances of this case, would be absolutely void. The most that can be said to have been established by these cases is that the rendition of a judgment against the contractor in the suit to foreclose the lien, after it had been adjudged that no lien existed, would be erroneous.

In the case of *Tacoma Lumber, etc., Co. v. Wolff*, 7

Wash. 478 (35 Pac. 115), this point was directly ruled upon by this court, and it was there held that judgments like the one under consideration were not void, but at most were only erroneous, and the ruling in that case is decisive of the question under consideration.

What was the effect upon this judgment of the appeal of defendant Miller? The appellant's contention is that at the time the appeal was taken the cause stood as a suit in equity, and that it was brought to this court for trial *de novo*, and that the judgment of reversal inured to the benefit of defendant Deal as well as defendant Miller. We are unable to agree with this contention. The statute under which the appeal was taken contains an express provision to the effect that a party not joining in an appeal shall derive no benefit therefrom except from the necessities of the case. It was not necessary in order to furnish the appellant Miller his full measure of relief that there should have been any relief furnished to the defendant Deal. The judgment against him could in no manner affect the rights of the defendant Miller so long as it was held that it was not a lien upon his property.

It follows that the judgment was not void, was not reversed upon the appeal, and was in full force and effect as against defendant Deal when the second trial of the cause was had.

Judgment affirmed.

DUNBAR, C. J., and SCOTT, J., concur.

STILES, J. (*dissenting*). — Considering the point here decided as one of first impression, I dissent on the grounds stated by me in *Tacoma Lumber, etc., Co. v. Wolff, supra*. I do not think the court in that case passed upon this question.