[No. 8053.   Department Two.   January 8, 1910.]

CARL J. THOMPSON, *Respondent*, v. A. J. ALLEN, *Appellant*.[1]

MARITIME LIENS—FOR WORK ON VESSEL—SHIPPING—"TACKLE," WHAT IS. The work of repairing a gasoline engine belonging to A., at A.'s request, and installing it in a boat belonging to M., with M's consent, for the purpose of trial and with a view to a possible sale of the engine to M., is not work or labor upon a "vessel, her tackle, apparel," etc., within Bal. Code, § 5953, whereby the laborer could acquire any lien upon the boat or engine, he having knowledge of the aforesaid ownership and purposes, and the contemplated sale not taking place on account of the rejection of the engine by M. and its removal from the boat by A.

MARITIME LIENS—FORECLOSURE—FAILURE OF LIEN—PERSONAL JUDGMENT. In an action to foreclose a lien on the tackle, apparel, etc., of a vessel, on the failure of the lien, there can be no personal judgment against the defendant owner, where he did not waive his rights in that respect, and contested the claim for a lien and for personal judgment against him, not only on the merits, but also by reason of the form of the action.

Appeal from a judgment of the superior court for Pacific county, Rice, J., entered January 26, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a lien on a vessel, her tackle, apparel, etc.   Reversed.

*Chas. E. Miller*, for appellant.

*H. W. B. Hewen*, for respondent.

PARKER, J.—This is an action to foreclose a lien claimed by plaintiff upon a boat and certain machinery, consisting of a 15-horse power gasoline engine, alleged to be a part of her tackle, apparel and furniture.   The action is founded upon Bal. Code, § 5953, which provides:

"All steamers, vessels, and boats, their tackle, apparel, and furniture, are liable,   .   .   .   (3) For work done or material furnished in this state, for their construction, repair,

[1]Reported in 106 Pac. 173.

or equipment, at the request of their respective owners . . ."
And, also, Bal. Code, § 5954, which provides:

"Such liens may be enforced, in all cases of maritime contracts or service, by a suit in admiralty, *in rem*, and the law regulating proceedings in admiralty shall govern in all such suits; and in all cases of contracts or service not maritime, by a civil action in any district court in this territory."

The rights involved in this appeal are only those of plaintiff and defendant Allen, and the facts shown by the record upon which those rights depend are practically undisputed; and in so far as necessary to be noticed, are as follows: Defendant Allen is the owner of a 15-horse power gasoline engine, and defendant Miller is the owner of a boat about 27 feet long and 7 feet wide. Plaintiff is a mechanic somewhat skilled in the repairing of such engines and boats, and was employed by defendant Allen to repair the engine with a view to selling it to defendant Miller to install in his boat as the motive power thereof. Plaintiff was the means of bringing the two defendants together, looking to a proposed sale of the engine. In addition to repairing the engine, he also installed it in the boat at the instance of defendant Allen and by the consent of the defendant Miller, for trial. This was all done in June and July, 1908. The defendants never agreed upon or consummated the sale, Miller claiming the engine was not satisfactory, and being unwilling to pay the price asked by Allen.

On August 14, 1908, defendant Allen removed the engine from the boat, defendant Miller making no claim to it. A few days thereafter, on August 22, plaintiff commenced this action to foreclose his claim of lien for his work upon the engine, in which he prays for personal judgment against Allen only, for the amount of his claim, and that the same be declared a lien upon the boat and engine, the latter of which he claims to be a part of the boat, her tackle, apparel, and furniture. Upon a trial of the cause before the court without a jury, it being treated as being on the equity side of the court, personal judgment was rendered against Allen which was declared to be a lien upon the boat and engine as prayed

for, and the court ordered that, in making the sale of the property to satisfy the judgment, the engine belonging to defendant Allen should be first sold; and if that did not yield sufficient to satisfy the claim, then that the boat be sold. From this judgment and order defendant Allen has appealed.

The principal question presented by the assignments of error is, Does the statute above quoted give respondent a lien upon the engine belonging to appellant for the services rendered in the repair and installation thereof in the boat, under the facts shown by this record? and this question manifestly depends upon the question of whether or not the engine ever became a part of the boat, her tackle, apparel or furniture. Appellant contends that the engine never became a part thereof, while respondent contends to the contrary. It is plain from the undisputed facts that the ownership of the boat and the ownership of the engine never became united, nor was the engine placed in the boat with a view to remaining there and becoming a part thereof, under the ownership of appellant, either separately or united with that of defendant Miller. In other words, it was never contemplated that appellant should, to any extent, become the owner of any share in the boat or any part of her tackle, apparel or furniture. The engine was not repaired or installed in the boat for any such purpose, but solely with a view of a possible sale of the engine, which never occurred, and which respondent knew might never occur when he was performing labor upon the engine and its installation. Respondent himself testified, among other things, "Mr. Allen spoke to me about fixing it, before he knew anything about putting it into this boat at all; supposed to fix it up and put it in running shape, so it was capable of being sold later on; then Miller figured on it and I put it in his boat for trial." In view of these facts we are of the opinion that the services of respondent in the repairing and installation of the engine was not "work done or material furnished" for the "construction, repair or equipment" of the boat, and therefore he did not acquire any right

to a lien upon the engine by virtue of the statute above quoted. This view leads to a reversal of the judgment of foreclosure so far as it assumes to foreclose the lien upon the engine belonging to appellant.

What, then, becomes of the personal judgment rendered against appellant? This court has heretofore recognized that the foreclosure of a lien of this nature is an ordinary civil action of foreclosure upon the equity side of the court (*Washington Iron Works v. Jensen*, 3 Wash. 584, 28 Pac. 1019; *Callahan v. Aetna Indemnity Co.*, 33 Wash. 583, 74 Pac. 693), which makes the action substantially of the same character as in the foreclosure of mechanics' liens. In the latter class of actions it has been held by this court, in common with most others, that there can be no personal judgment in such a lien foreclosure for the sum which the court may find due when the right for the lien fails. This is apparently upon the theory that a defendant cannot be compelled to submit to a trial of his personal liability in an action which is in form equitable when the equitable claims made in the action fail. To compel him to so submit would be to take away his right of trial by jury. *Hildebrandt v. Savage*, 4 Wash. 524, 30 Pac. 643, 32 Pac. 109. It is true that in such a foreclosure proceeding the defendant may waive his rights in this respect to such an extent that the court may render a personal judgment against him, even though the plaintiff's equitable cause, to wit, the foreclosure of his lien, may fail. We do not think that in this cause the defendant has waived his rights in this respect. The theory of his defense, made manifest in this record at various stages of the cause, was that the court had no lawful right to render either a judgment of foreclosure against his engine or a personal judgment against him. The latter contention was made not only upon the merits, but also by reason of the form of the action.

We are of the opinion that the judgment of foreclosure, and also the personal judgment, must be reversed. The cause

is therefore remanded to the superior court, with instructions
to dismiss the same, without prejudice, however, as to re-
spondent's right to sue for the value of his service.

RUDKIN, C. J., MOUNT, CROW, and DUNBAR, JJ., concur.