[No. 8486.   Department Two.   January 28, 1910.]

MODERN PLUMBING & HEATING COMPANY, *Appellant*, v.
AMERICAN SODA FOUNTAIN COMPANY, *Respondent*.[1]

MECHANICS' LIENS—PERSONS ENTITLED—MACHINISTS—STATUTES—
CONSTRUCTION.   A plumber doing work upon a soda water fountain
is not entitled to a lien under the provisions of Laws 1905, p. 137, § 1,
giving a lien to blacksmiths, wagon makers, machinists, and boiler
makers, expending labor on any chattel; as "machinist" does not
include a plumber.

Appeal from a judgment of the superior court for King
county, Frater, J., entered July 26, 1909, dismissing at the
close of plaintiff's case, an action to foreclose a mechanics'
lien, after a hearing before the court.   Affirmed.

*Arthur C. Dresbach* (*F. A. Gilman*, of counsel), for ap-
pellant.

*McBurney & Cummings*, for respondent.

MOUNT, J.—The plaintiff brought this action to foreclose
a lien filed under the provisions of chapter 72, Laws of 1905,
page 137, for labor and material furnished in connecting a
soda fountain, gas drum, and generator with the city water
supply in the city of Seattle.   At the close of the plaintiff's
evidence, the trial court was of the opinion that the work
done was not that of a machinist within the provisions of the
statute referred to, and therefore denied the lien and dis-
missed the action.   Plaintiff appeals.

The statute provides:

"Every blacksmith, wagon maker, machinist, or boiler
maker who has expended labor, skill, or material on any
chattel . . . shall have a lien upon such chattel," etc.

The evidence shows, that plaintiff was engaged in the
plumbing business; that it furnished the materials for, and
one of its employees connected, the soda fountain, gas drum,

[1]Reported in 106 Pac. 628.

and generator, together and with the city water works, and also packed some of the joints and cocks or valves of the soda fountain. The whole work was done by an experienced plumber engaged in the plumbing business, and appears to have been work directly in line with a plumber's work. There is no evidence that a machinist was employed to do the work, or that the work was necessarily that of a machinist. The statute applies to four classes of persons, viz., blacksmiths, wagon makers, machinists and boiler makers. It applies to no others.

It is claimed that the appellant is entitled to a lien because the work was done upon a machine. But the statute is not so broad as that. It provides that a machinist who has expended labor on any chattel shall have a lien thereon, and clearly intends to provide only for the classes named. To hold otherwise would be to say that the statute means that *every person* who performs labor upon a chattel shall have a lien thereon. Of course, the statute neither says nor means anything of that kind. It means only that the classes named shall have liens for skilled labor performed on chattels. It does not mean that a painter may have a lien for painting an engine, or that a carpenter may have a lien for carpenter work done thereon, or that a plumber may have a lien for plumbing done on a machine. Blacksmiths, wagon makers, machinists, and boiler makers are distinct classes, well recognized, and do not include plumbers, painters, plasterers and such like artisans. Appellant was therefore not entitled to a lien under the law, simply because it worked upon a machine.

The judgment is therefore affirmed.

Rudkin, C. J., Dunbar, Parker, and Crow, JJ., concur.