[No. 8644.   Department One.   July 1, 1910.]

Ora Bell Dolan *et al.*, *Respondents*, v̇. D. J. Cain, *Appellant*.[1]

Logs and Logging—Lien—Personal Judgment—Jury Trial—Waiver. In an action to foreclose a lien upon logs, asserted in good faith but not established, the court has jurisdiction to enter a personal judgment against a defendant liable upon contract for the services performed by the plaintiff; and the judgment is not erroneous, in the absence of demand for a trial by jury, under Rem. & Bal. Code, § 316, relating to waiver of a jury.

Costs—Witness Fees. Costs are properly allowed for a witness who attended at the request of the prevailing party without subpoena, although not called to testify because the course of the trial rendered the testimony unimportant.

[1] Reported in 109 Pac. 1009.

Appeal from a judgment of the superior court for Whatcom county, Hardin, J., entered October 18, 1909, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to foreclose a logger's lien.   Affirmed.

*Waters & Downer*, for appellant.

*Neterer, Pemberton & Sather*, for respondents.

GOSE, J.—The respondents brought this action to recover a balance due for boarding the employees of the appellant, and to foreclose a lien upon logs and other personal property. The court denied the lien, but entered a personal judgment against the appellant, from which he has appealed.

The complaint alleges that, between certain dates, the respondent Ora Bell Dolan, at the request of the appellant, furnished the supplies and the board for his employees at his logging camp, at the agreed price of seventy-five cents per day per man; that there is a balance due of $1,047.51, and that the services were rendered in assisting in obtaining and securing logs, spars, etc.   The complaint further alleges the filing of a notice of lien and the nonpayment of the claim, and prays for a personal judgment against the appellant, the foreclosure of the lien, a sale of the property, and the application of the proceeds of the sale to the payment of the judgment.   A general demurrer having been interposed and overruled, issue was joined by answer.   A personal judgment was entered in favor of the respondents and against the appellant for $1,018.31, with legal interest and costs.

The appellant contends, (1) that there is a fatal variance in that the complaint alleges an express contract and the evidence, if it establishes any liability, discloses that the appellant is liable upon a *quantum meruit* or upon the principle of estoppel; and (2) that the evidence does not disclose any liability upon the part of the appellant.   In view of our conclusion upon the evidence, these questions will be considered together.   A careful reading of the evidence has con-

vinced us that the appellant agreed to pay the respondent
Ora Bell Dolan for furnishing supplies and board for his
men, as alleged.    While the evidence is conflicting, we think
the learned trial court was right in his conclusion that it pre-
ponderates in favor of the respondents.    A discussion of the
evidence would serve no good purpose.

At the close of the respondents' evidence, the appellant
moved for a dismissal of the action, on the ground that the
lien had not been established, and upon the further ground
that the right to a personal judgment was not shown.    The
denial of the motion is assigned as error.    It is contended
that, when the respondents failed to establish a lien, the court
lost jurisdiction to proceed other than to enter a judgment of
dismissal.    It is argued that the method pursued deprived the
appellant of a trial by jury, that the case should be remanded
with directions to dismiss the action, and that the respondents
should be required to pursue their remedy at law.    This posi-
tion is not tenable.    The respondents in good faith claimed a
lien under the provisions of Rem. & Bal. Code, § 1162.  Rem.
& Bal. Code, § 1172, provides that liens upon sawlogs etc.,
shall be enforced by a civil suit in the superior court of the
county where the lien is filed, and shall be governed by
the laws regulating proceedings in civil actions.    Section
1179 provides that, in a civil action, a judgment must be ·
rendered in favor of the person having a lien for the amount
due him; that the court shall order the property subject to
the lien to be sold, and that the proceeds of the sale shall be
applied upon the judgment.    We have repeatedly held that,
where a lien is asserted in good faith but not established, the
court retains jurisdiction for the purpose of determining the
rights of the parties and entering an appropriate judg-
ment.    In the recent case of *Pacific Iron & Steel Works Co. v.
Goerig*, 55 Wash. 149, 104 Pac. 151, the respondent had per-
formed work and labor in repairing a steam shovel, and
sought to enforce a lien for the sum due him under Laws
1905, page 137 (Rem. & Bal. Code, § 1155).    The lien was

denied, and a personal judgment entered in his favor for the value of his services. It was contended that, when the lien failed, the action became one at law which a court of equity had no jurisdiction to determine. In answering this contention, we said:

"The court unquestionably had jurisdiction of the action and the right to proceed with its trial upon the merits. If the appellant had asked for a jury trial on the legal questions involved after the appellant had abandoned the lien, the trial court might properly have granted the motion even to the extent of postponing the trial to a later time, especially as the respondent introduced no evidence to establish its lien, but no error was committed in refusing to dismiss for want of jurisdiction."

In *Hildebrandt v. Savage*, 4 Wash. 524, 30 Pac. 643, 32 Pac. 109, an action to foreclose a lien for material furnished and labor performed, the trial court held the lien invalid, but rendered a personal judgment for the amount found due under the contract. It was urged that the court erred in entering the judgment. In passing upon this contention, it was said:

"We are also of the opinion that, to take advantage of this on appeal, appellant must have raised the question at the trial . . . either by objecting to the action's proceeding in equity or by demanding a trial by jury."

In *Stetson & Post Mill Co. v. McDonald*, 5 Wash. 496, 32 Pac. 108, an action foreclosing a materialman's lien, the right to a lien was denied, and a personal judgment was entered against the party in default, but denied as to another. This was held error, the court saying:

"The defendants entered upon a trial as to the merits of the case, . . . without any objection or any demand to have the case tried by jury,"

and that a judgment should have been rendered against the contractors for the amount found to be due for the materials, notwithstanding the fact that the lien was not established. In *Robinson v. Brooks*, 31 Wash. 60, 71 Pac. 721, it was held

that, where nonlienable items are inserted in a lien in bad
faith, it was not error for the court to dismiss the action and
require the parties to pursue their remedy at law. In that
case the plaintiffs sought to establish and enforce a lien for
$110, for cutting one hundred and ten acres of grain at one
dollar per acre, $60 damages for loss of profits, and $60
damages for loss of time on account of a breach of the con-
tract by the employer. The court said: "The evidences of
bad faith are so clear that the whole claim should fail." We
think the true rule is stated in 27 Cyc. 433, as follows:

"As a general rule a personal judgment in favor of the
claimant against his debtor may be rendered even though the
claimant fails to establish or maintain his alleged lien; but
where the jurisdiction of the court in which the action is
brought rests upon the fact that the action is upon the lien
for the foreclosure thereof, the amount in controversy not be-
ing such as would support the jurisdiction of the court in an
action founded upon the demand alone, if the lien fails the
court cannot render a personal judgment on the claim."

We think that the statute under which the lien was claimed
contemplates the entry of a personal judgment, without re-
gard to whether the lien is established. But in any event, as
we have frequently said in discussing kindred subjects, there
is but one form of action in this state—a civil action.
Whether the action is prosecuted in equity or at law, it
is tried in the same court, and it would seem to be illogical
to hold that, if the lien fails, the action should be dismissed,
to be commenced again in the same court with the equity
features of the case eliminated. The better rule is that the
court should retain jurisdiction and enter an appropriate
judgment. The appellant did not demand a trial by jury.
Had he done so after the lien failed, and had his request
been denied, a different question would be presented. Had
the action been on the law side of the court, the appellant
would not have been entitled to a jury trial without a demand
therefor and a compliance with the statute. Rem. & Bal.

Code, § 316. It is apparent that he would have no stronger right to a jury trial in a case brought upon the equity side of the court. The court had jurisdiction of the subject-matter, whether at law or in equity, under the constitution.

The appellant relies upon *Thompson v. Allen*, 56 Wash. 582, 106 Pac. 173, and *Modern Plumbing & Heating Co. v. American Soda Fountain Co.*, 57 Wash. 148, 106 Pac. 628. In the case last cited, the question as to the right of the plaintiff to a personal judgment was not before the court, the debtor party not having been served with process. *Thompson v. Allen* was decided without reference to the case of *Pacific Iron & Steel Works v. Goerig*, which had not been published in book form and was not cited. When the rule was announced in the earlier cases in this court, that a personal judgment could be entered in lien cases when the lien failed, the statute guaranteed to litigants a jury trial in all law cases without any request therefor. If the rule was then sound, that a jury trial was waived in such cases unless demanded, the conclusion is irresistible that, under the present statute, no error is committed in the entry of a personal judgment in an equity case unless, upon the failure of the lien and before final judgment, there is a specific demand for a trial by jury, and a compliance with the statute in other respects.

One Jennie Nichols was allowed mileage and witness fees in the sum of $2.20. The cost bill including this item was filed in due time, verified by the oath of counsel, stating that the items were true and correct and that the disbursement was necessary, and the witness signed the docket as required by statute. The court, in denying the motion to strike this item, found that the witness was in attendance at the trial at the request of the respondents, and was not called to testify because the respondents' attorney concluded that the course of the trial made her testimony unimportant. It is contended that the witness was not entitled to her fees, she not having been subpoenaed. Rem. & Bal. Code, § 482, pro-

vides that the prevailing party shall be allowed for all necessary disbursements including fees of witnesses, and that the disbursements shall be stated in detail, verified by affidavit, served upon the opposite party or his attorney, and filed with the clerk of the court within ten days after judgment; provided that no fees or mileage for any witness shall be taxed in a cost bill unless they shall have reported their attendance at the close of each day's session to the clerk. In *Christensen v. Union Trunk Line*, 6 Wash. 75, 32 Pac. 1018, it was held that the prevailing party was entitled to costs, for a witness who attended the trial and testified therein without the service of a subpoena upon him. In *Ivall v. Willis*, 17 Wash. 645, 50 Pac. 467, it was held that witnesses who are present at the trial at the instance of the prevailing party, although they did not testify, were entitled to their fees as costs. The opinion does not state whether they had been subpoenaed. In *McCleary v. Willis*, 35 Wash. 676, 77 Pac. 1073, we held that costs were taxable for a witness who was in attendance in obedience to a subpoena but who did not testify. We think the item was properly allowed. If the respondents believed in good faith that the testimony of the witness would be desired, they had the right to procure her attendance, either by the service of a subpoena or by her voluntary appearance. The fact that the case took such form as to render her testimony immaterial, does not deprive the prevailing party of the right to have her mileage and per diem allowed as costs. See, also, *Pillsbury v. Beresford*, 58 Wash. 656, 109 Pac. 193.

The judgment is affirmed.

RUDKIN, C. J., FULLERTON, CHADWICK, and MORRIS, JJ., concur.