.[No. 9497.   Department One.   March 20, 1912.]

C. HOFSTETTER, *Appellant*, v. SOUND TRUSTEE COMPANY
*et al., Respondents.*[1]

APPEAL—REVIEW—FINDINGS.   Findings upon conflicting evidence
will not be disturbed on appeal, when sustained by a preponderance
of the evidence.

COSTS—WITNESS FEES.   Under Rem. & Bal. Code, § 482, witness
fees may be taxed for witnesses who were not subpoenaed or called,
where they were in attendance at the trial, but not used because the
course of the trial made their use unnecessary.

Appeal from a judgment of the superior court for King
county, Sheeks, J., entered January 27, 1911, upon findings
in favor of the defendants, in an action for a receiver of a
corporation.   Affirmed.

*L. H. Wheeler*, for appellant.

*Ballinger, Battle, Hulbert & Shorts*, for respondents.

CHADWICK, J.—Appellant and respondents William H.
Angel, Daniel Hickey, and many others, were subscribers to
a concern called the Income Guaranty Company.   The prom-
ise of quick riches was the lure that held this concern together.
Those who subscribed to it were to be paid in the order of
their subscriptions two dollars for every dollar invested.
The concern had no capital and no property.   The money
was paid out of the sums received from new subscribers and
from lapses.   In January, 1906, it became apparent to
some of those who were subscribing to the scheme that its
end was approaching.   Two circumstances contributed to
this result: hard times and the activity of the agents of the
United States government which from time to time has acted
upon the assumption that all men are not *sui juris*.   It ac-
cordingly was about to exercise its right of paternal inter-
ference to protect the genus Catostomidae from the more

[1]Reported in 122 Pac. 6.

active Carchariidae. At this time appellant had a net sum of $508 in the get-rich-quick concern. It seems clear, beyond the peradventure of a doubt, that he understandingly, and with other subscribers, agreed to put into a new concern to be organized a sum equal to ten per cent of the amount he had paid into the Income Guaranty Company, and that all such subscribers would take stock in the new concern, representing a number of shares at one dollar per share, equal to the amount they had paid into the Income Company. In other words, those who went into the new concern were to get their stock for ten cents on the dollar. Appellant's actual investment in the new concern was $58.

The Sound Trustee Company, the respondent, was accordingly organized. So far as the record shows, this was and is a legitimate company, having no connection in any way with the former company; nor does it bear any relation to the new company except in this, that it served to bring about a combination of the individuals who had subscribed thereto. The new company organized, and has done quite an extensive business. Considerable new money has been brought into it, and it has some resources in real estate, and some debts. Appellant brought this action upon the theory that the Sound Trustee Company is obligated to pay him the amount of his investment in the old company, regardless of the present value of his stock in the respondent; basing his demand for an accounting and a receiver upon the allegations that Angel and Hickey represented to him, at the time that he agreed to pay in his ten per cent, that respondent had a capital stock of $150,000 fully paid and nonassessable; that the business has been fraudulently conducted; and that the respondent company is insolvent.

We shall not review the evidence. Suffice it to say that, in our judgment, appellant has failed to sustain any of these issues by a preponderance of the evidence, or any evidence. The errors assigned are numerous, and almost without exception go to the refusal of the court to admit testi-

mony or to compel the production of testimony. A careful reading of the statement of facts convinces us that the trial judge was indulgent in the extreme, and offered appellant every opportunity to make proof of his case within the well-understood rules of evidence. Appellant did not see fit to meet the suggestion of the court, and is bound by the record as made and by the findings of the court in the few instances where it might be contended that the testimony is conflicting.

It is further complained that certain witnesses, who were not subpoenaed and not called as witnesses, were allowed their witness fees. It is said that a witness cannot recover fees unless his attendance is compulsory. It has long been the rule in this state, under § 482, Rem. & Bal. Code, that the time and mileage of a witness who is in attendance at the trial, although not subpoenaed, may be taxed as costs, where, as it seems to have been in this case, the course of the trial makes the use of such witnesses unnecessary. *Dolan v. Cain*, 59 Wash. 259, 109 Pac. 1009.

Judgment affirmed.

GOSE, PARKER, and CROW, JJ., concur.