[No. 13113. Department One. March 4, 1916.]

THOMAS A. LOW *et al.*, *Respondents*, v. A. V. McDONALD, *Appellant.*

FRED LOW, *Respondent*, v. A. V. McDONALD, *Appellant.*[1]

MALICIOUS PROSECUTION — DEFENSES — CHARGE BY PROSECUTOR—TRUTH OF FACTS STATED—QUESTION FOR JURY. It is no defense to an action for malicious prosecution that the prosecuting attorney, to whom the matter was presented by defendants, abandoned a complaint of grand larceny on which plaintiffs were arrested and bound over, and filed an information and tried them for burglary in the second degree, on which they were acquitted; since the truth of the charge, whatever it was called, and whether the defendants fully and fairly stated all of the facts to the prosecuting attorney, were questions for the jury.

MALICIOUS PROSECUTION—EVIDENCE—FELONIOUS INTENT—ADMISSIBILITY—ORAL AGREEMENT TO VARY WRITING. In an action for malicious prosecution in charging plaintiffs with burglary in entering and taking goods covered in a bill of sale from plaintiffs to defendants, it was competent for plaintiffs to prove an oral collateral agreement reserving the goods, to show their good faith and want of felonious intent in the taking; since the bill of sale would not be conclusive on that issue in a criminal action.

CRIMINAL LAW—APPEAL—REVIEW—INSTRUCTIONS—REQUESTS. Error cannot be predicated upon the failure to give an instruction that

[1]Reported in 155 Pac. 748.

a bill of sale would not be overcome by a mere preponderance of the evidence, in the absence of any request for such an instruction.

TRIAL—INSTRUCTIONS—COMMENT ON EVIDENCE—INSTRUCTIONS AS A WHOLE. While an instruction, standing alone, might be a comment on the evidence, it must be considered in connection with the other instructions and not taken from its setting.

MALICIOUS PROSECUTION — INSTRUCTIONS — WANT OF PROBABLE CAUSE. In an action for malicious prosecution, an instruction that, if the facts were not sufficient to induce in the minds of reasonable persons a belief in the guilt of the accused, then there would not be probable cause for the prosecution, is not erroneous as relieving the plaintiffs of the burden of proving want of probable cause.

COSTS—ITEMS—WITNESS FEES. Costs may be taxed for witnesses subpoenaed although they were not sworn or their testimony was held inadmissible.

COSTS—ITEMS—APPEARANCE FEES. Appearance fees are properly taxed, although the venue was changed to another county where defendants resided.

MALICIOUS PROSECUTION — DAMAGES — EXCESSIVENESS. Separate verdicts for malicious prosecution in favor of a husband and wife for $1,250, each, are excessive and should be reduced to $750, each, where it does not appear that the plaintiffs have been hurt in their standing or character.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered May 8, 1915, upon separate verdicts of a jury rendered in favor of the plaintiffs for $1,250, in consolidated actions for malicious prosecution. Reversed, unless $500 is remitted from each verdict.

*T. P. Fisk* and *Myers & Johnstone*, for appellant.

*Troy & Sturdevant* and *A. J. Falknor*, for respondents.

CHADWICK, J.—Thomas A. Low and Sarah Low, his wife, sold a farm to the appellant, A. V. McDonald. At the time the sale was made, they executed a bill of sale conveying certain live stock, poultry, wagons, farm machinery, "tools, household goods, furniture, and everything that pertains to the place." Both Mrs. Low and her husband testified that, notwithstanding the terms of the bill of sale, certain property was reserved. It seems to be undisputed that the Lows

did box up certain articles of clothing, personal effects, and some of the things that had been used in and about the house. Appellant was at the ranch at the time. It was inconvenient for them to move these boxes and a trunk and they were left in a tool house on the place.

Thereafter the appellant conceived that the Lows had taken property that did not belong to them. He accordingly notified them that they should take nothing from the place until the boxes were repacked in his presence. He put a lock upon the building in which the boxes were stored.

Mrs. Low and appellant undertook to meet in Seattle and discuss the matter. Both parties say that they were at the appointed place, and that the other party did not attend. However that may be, Mrs. Low and her son left Seattle and went to the town of Shelton, and thence to the ranch, where they secured the goods. The respondent, Fred Low, drew the staples that secured the hasp. When appellant found that this had been done, he went to the prosecuting attorney of Mason county, and upon a statement of the facts as he understood them, the prosecuting attorney caused a warrant to issue and Mrs. Low and Fred Low were arrested in Seattle and taken before a justice of the peace in Mason county for a hearing upon the charge of grand larceny. They were bound over to the superior court. Before the case came on for hearing, the prosecuting attorney filed an information charging the respondents with the crime of burglary in the second degree. The cause went to trial before a jury, resulting in a verdict of acquittal.

Appellant contends that he is not liable to answer in damages, for the reason that the respondents were not tried and acquitted upon the charge made by him; that, when the prosecuting attorney abandoned the charge of grand larceny and charged burglary in the second degree, the state assumed all responsibility for the charge; that respondents are still subject to the charge of grand larceny and a trial thereupon.

There is no merit in the contention of appellant that the filing of the information charging burglary in the second degree upon the same state of facts is sufficient to exempt him from civil liability. The right of the prosecuting attorney to so conduct the public business coming to his notice has been affirmed by this court in *Jones v. Jenkins*, 3 Wash. 17, 27 Pac. 1022. The truth of the charge, whether it be called one thing or another, and the basic fact, whether appellant fully and fairly stated all of the facts of the case to the prosecuting attorney, were questions for the jury, and they have been passed upon adversely to the appellant.

It is urged that the court erred in giving certain instructions to the jury. The court instructed that, notwithstanding the bill of sale and its general terms, if the jury believed from the evidence,

". . . that it was the understanding of the parties that the personal property which the plaintiffs subsequently removed was reserved by the plaintiff, then they would not be bound by the bill of sale in a criminal action. There would be no felonious intent to take the same if the parties had between themselves, outside of any written instrument, an understanding that the property in question belonged to the plaintiffs."

Appellant contends that the bill of sale should be conclusive as to what was sold. A case of this kind is tried under the rules of evidence pertaining to criminal law, and we have no doubt that it was competent for the respondents to prove a collateral agreement exempting part of the property to show their good faith, that is, that they had no felonious intent. Appellant insists, however, that upon any theory a bill of sale should not be overcome by a mere preponderance of the evidence, but that the proof should be clear and convincing. Granting, but without admitting, that this rule would prevail in a case of this kind, we find no request for an instruction upon this theory.

It is also urged that the court instructed the jury:

"The owner of the goods who has a right to possession cannot commit larceny of them by taking them from another person, and under the laws of this state, I instruct you, that it was not a crime for the plaintiffs to remove the staple, or otherwise open the outhouse, for the purpose of securing the goods which were theirs, or which they in good faith believed to be theirs. It is only a crime to break open a building for the purpose of committing a crime therein, and, as I have instructed you, it is not a crime to take possession of goods which belong to a person or which the person believes in good faith belong to them."

This instruction was objected to as a comment upon the evidence. Standing alone, it might appear to be so, but when taken in connection with other instructions wherein the court told the jury that they must find that the goods belonged to the respondents, and that by a preponderance of the evidence, we are not inclined to take the instruction from its setting and construe it as if it stood alone.

It is complained also that the court instructed the jury:

"That if the facts surrounding the arrest and prosecution of the plaintiff, Sarah Low, for burglary in the second degree were not sufficient to induce in the minds of reasonable persons a belief in the guilt of the accused, then there would not be probable cause for the prosecution."

It is said that these instructions relieved the respondents from the obligation that was upon them to show the want of probable cause, for the reason that appellant had nothing to do with the charge of burglary in the second degree. Our holding upon the first assignment of error disposes of this contention. The instruction did not relieve the respondents of the burden of proving a want of probable cause. It goes no further than to announce a rule from which the jury might infer a want of probable cause.

"If, in a criminal proceeding, the facts were not sufficient to induce in the mind of a reasonable man a belief in the guilt of the accused, they would not constitute probable cause." *Waring v. Hudspeth*, 75 Wash. 534, 135 Pac. 222.

The court instructed the jury very fully and fairly upon the law of the case, and the instructions, when taken altogether, are without error.

Appellant further contends that he has been charged improperly with certain costs, in that witnesses were subpoenaed who were not sworn to testify, or it being ruled that their testimony was inadmissible. We think the items were properly allowed. *Dolan v. Cain*, 59 Wash. 259, 109 Pac. 1009; *Hofstetter v. Sound Trustee Co.*, 67 Wash. 537, 122 Pac. 6.

It is also complained that the appellant should not have been charged with appearance fees, inasmuch as the actions were brought in Mason county, whereas the venue was changed to the county of King, that being the place of appellant's residence. We find no merit in this contention.

The jury returned a verdict in favor of each of the respondents in the sum of $1,250. It is complained that this is excessive. This is an unfortunate case. The court instructed the jury that they should fix damages as compensation, and not by way of punishment. It does not appear that either of the respondents has been hurt in standing or character. We believe that $750 in each case is ample compensation.

The case will be remanded, and if, within thirty days thereafter, respondents file a remission of judgment to the extent of $500 in each case, the judgment will stand affirmed, otherwise a new trial will be granted.

Morris, C. J., Mount, Fullerton, and Ellis, JJ., concur.