[No. 31788. Department Two. July 31, 1952.]

ED BARKER, *Appellant,* v. VAUGHN WALTZ *et al.,*
*Respondents.*[1]

[1] Reported in 246 P. (2d) 846.

*Jerry T. Haggarty,* for appellant.

*Kenneth O. Welling* and *C. E. Knowlton, Jr.,* for respondents Richardson.

FINLEY, J.—This is an action for malicious prosecution. The case, tried to a jury, resulted in a verdict for the plaintiff Barker against defendants R. A. Richardson and Mrs. Richardson. The court granted a motion of the defendants for judgment notwithstanding the verdict. Plaintiff has appealed.

The defendants failed to move for a directed verdict or for dismissal of the action at the close of plaintiff's case. Appellant Barker claims that defendants thereby waived any right to move for judgment notwithstanding the verdict; that they had joined with Barker in submitting the case to the jury, and therefore are bound by the jury verdict. On the other hand, assuming there was no waiver of the right to move for judgment notwithstanding the verdict, appellant assigns as error the granting of the motion for judgment notwithstanding the verdict.

The question of the waiver of the right to move for a judgment notwithstanding the verdict because of failure to make preliminary challenges to the evidence was raised in *Kieburtz v. Seattle,* 84 Wash. 196, 213, 146 Pac. 400, wherein we said:

"If a judgment *non obstante veredicto* may be entered at all by a trial court, no substantial reason exists why it should be preceded by a preliminary challenge. In many, if not in a majority of instances, it is the better practice for the trial court to take the verdict of the jury before sustaining a motion for nonsuit or challenge to the sufficiency of the evidence, as in such instances a new trial may be avoided should the appellate court on an appeal disagree with the trial court as to the effect of the evidence. It is our opinion,

therefore, that a party is not precluded from seasonably interposing a motion for a judgment notwithstanding the verdict by suffering the case to go to the jury on the facts without interposing a motion for nonsuit, a motion for a directed verdict, or a challenge to the sufficiency of the evidence."

This above principle from the *Kieburtz* case was quoted with approval in the more recent case of *Tonkovich v. Department of Labor & Industries*, 31 Wn. (2d) 220, 195 P. (2d) 638.

Having decided that respondents had a right to make the motion for judgment notwithstanding the verdict, we shall now consider the ruling of the trial court on that motion.

Defendant Vaughn Waltz was employed as a casual workman at the home of defendant R. A. Richardson. Waltz performed odd jobs, and fed and looked after some dogs which Richardson kept in a building on his premises. A short time before the commencement of the criminal action upon which this malicious prosecution case is based, Waltz saw a man drive up to the above-mentioned building. Waltz watched him enter the building, and later saw him come out with one of Richardson's dogs and drive away. Waltz notified his employer of the incident. A search of the neighborhood for the car, the dog, or the man was unsuccessful.

Subsequently, a relative of Mr. Richardson saw an advertisement in a Seattle paper for the sale of a dog of similar breed and description. The relative called the telephone number given in the paper, but was unable to obtain either the name or address of the advertiser from the person answering the telephone. Richardson later ascertained the address and, upon driving there with Waltz, discovered that it was the home of a Mr. Barker, with whom he was slightly acquainted. They did not see a dog.

From there they went to the sheriff's office, and thence to the prosecuting attorney. Waltz told a deputy prosecutor that he could identify the dog and the man he had seen taking it. Richardson advised the deputy prosecutor that he had not witnessed the theft. The deputy issued a complaint for a search warrant, and also a complaint charging appel-

lant Barker with burglary. The complaints were signed by Waltz and were filed in justice court. Waltz and Richardson accompanied a deputy sheriff to appellant Barker's home. Waltz identified Barker and also a dog that was found there. Appellant contended that the dog had been given to him by a relative in Bremerton, but he was arrested and detained until bail was posted. The dog was placed in a boarding kennel.

Thereafter, Richardson hired "Cap." Miller, a private detective, to make an investigation in Bremerton. As a result of this investigation, Miller recommended the dismissal of the criminal proceeding. With the consent of Richardson, Waltz, and the deputy prosecutor, this was done. Waltz, however, testified that, although he consented to the dismissal, he still believed he had been correct in his original identification of appellant and the dog. His identification of the dog was based on its general appearance and an allegedly clipped portion of its hair. The evidence was contradictory as to whether a portion of the dog's hair or coat was clipped at the time the dog was taken from Barker.

There is no evidence that Richardson deceived or misled the deputy prosecutor. The latter testified that the complaint had been issued upon the identification by Waltz and that Richardson never claimed he could identify the person who had taken the dog. There is no direct evidence of malice or ill will on the part of Richardson. In fact, his actions indicate quite the contrary.

■ Want of probable cause and malice are essential elements in an action of this type.

If the plaintiff establishes want of probable cause, "that in itself will not justify his recovery of damages for malicious prosecution. He must go further and establish malice on the part of the defendant, for want of probable cause without malice is of no avail." *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn. (2d) 485, 499, 125 P. (2d) 681.

■■ The burden is on the plaintiff to show lack of probable cause. *Peasley v. Puget Sound Tug & Barge Co., supra.* A *prima facie* case of want of probable cause is made

by proof that criminal proceedings were dismissed. *Hayes v. Sears, Roebuck & Co.*, 34 Wn. (2d) 666, 209 P. (2d) 468; but it is still necessary to show malice. *Ton v. Stetson*, 43 Wash. 471, 86 Pac. 668; *Saunders v. First Nat. Bank of Kelso*, 85 Wash. 125, 147 Pac. 894; *Peasley v. Puget Sound Tug & Barge Co.*, *supra*. We have said in *Hayes v. Sears, Roebuck & Co.*, *supra*, that malice may be inferred from a *prima facie* case of want of probable cause. However, we have also said that such evidence of want of probable cause does not *necessarily* make a *prima facie* showing of the additional and essential element of malice. *Saunders v. First Nat. Bank of Kelso*, *supra*. In *Ton v. Stetson*, 43 Wash. 471, 475, 86 Pac. 668, we said:

"While it is true that in some cases, where the evidence is sufficient to show a want of probable cause, malice may be inferred, it is not an invariable rule that it must necessarily be inferred. It would be a harsh rule to hold that, where the evidence was merely sufficient to make a *prima facie* showing of want of probable cause, malice must necessarily be inferred therefrom. If, in connection with the *prima facie* showing of want of probable cause, affirmative acts of the respondent had been shown disclosing the least feeling of bitterness, animosity or vindictiveness towards the appellant, then it might be that an inference of malice would be justified sufficiently to require the denial of a nonsuit. In this case there is an utter absence of any such showing."

■ This statement is peculiarly pertinent to the case before us. As we have pointed out, there is no evidence of malice on the part of Richardson other than that which may be inferred from the *prima facie* showing of want of probable cause. We are of the opinion, therefore, that the *prima facie* showing of want of probable cause here made, taken in connection with the surrounding facts and circumstances, would not warrant a jury in finding or inferring malice on the part of Mr. Richardson. For this reason, we are convinced that the trial judge was correct in setting aside the

verdict of the jury and in granting the Richardsons' motion for judgment notwithstanding the verdict.

The judgment is affirmed.

SCHWELLENBACH, C. J., HILL, HAMLEY, and OLSON, JJ., concur.

September 15, 1952. Petition for rehearing denied.

[1]Reported in 246 P. (2d) 823.