[No. 36036. Department One. October 4, 1962.]

T. H. PACE, *Appellant*, v. BRODIE-NATIONAL, INC. *et al.*, *Respondents.**

*Wm. J. Gaffney*, for appellant.

*Jones, Grey, Kehoe, Hooper & Olsen*, and *Richard I. Sampson*, for respondents.

WEAVER, J.—This is an action for damages for malicious prosecution. Plaintiff appeals from a judgment dismissing

*Reported in 374 P. (2d) 1000.

his action with prejudice, entered after the trial court had sustained a challenge to the legal sufficiency of plaintiff's evidence.

Plaintiff was the owner of the Hub Cafe in Moses Lake. Fire severely damaged the cafe, and it was closed.

Defendant, Brodie-National, Inc., a corporation, foreclosed a chattel mortgage on the cafe fixtures and purchased them at a foreclosure sale April 24, 1956. The fixtures were left upon the premises.

September 5, 1956, a vice president of defendant corporation gained access to the cafe; he discovered that a bar sink was missing. He was told that plaintiff had "moved all the things out next door." This fact was reported to defendant Stratton, president of the corporation, in Seattle.

Mr. Stratton requested defendant Bruck, a salesman for the corporation living in Spokane, to see Mr. Moberg, the corporation's lawyer in Moses Lake, and investigate the situation.

After consultation with Mr. Moberg in Moses Lake and the deputy prosecuting attorney in Ephrata, Mr. Bruck caused a criminal complaint for grand larceny to be filed September 11, 1956, against plaintiff. January 4, 1957, the complaint was dismissed on motion of the deputy prosecuting attorney.

The law applicable to an action for damages for malicious prosecution is settled in this jurisdiction and well stated in *Peasley v. Puget Sound Tug & Barge Co.*, 13 Wn. (2d) 485, 125 P. (2d) 681 (1942); *Nichols v. Severtsen*, 39 Wn. (2d) 836, 239 P. (2d) 349 (1951); *Barker v. Waltz*, 40 Wn. (2d) 866, 246 P. (2d) 846 (1952); *Howell v. Benton*, 40 Wn. (2d) 871, 246 P. (2d) 823 (1952); *Robertson v. Bell*, 57 Wn. (2d) 505, 358 P. (2d) 149 (1961), and cases therein cited.

There is nothing to be gained by further detailing the facts or restating the rules so succinctly set forth in the above authorities.

A criminal prosecution was instituted against plaintiff and later dismissed without trial. Plaintiff's evidence went further: he established that the criminal prosecution

was not commenced until after defendant Bruck, at the request of Mr. Stratton, had made a full and truthful statement of all known facts relating to probable cause to legal counsel and the deputy prosecuting attorney. We agree with the remark of the trial judge:

" . . . They had a right to assume that these lawyers who looked into the thing would know what was a proper basis for a criminal charge."

Thus, it became the duty of the trial court to find probable cause as a matter of law and to sustain a challenge to the legal sufficiency of plaintiff's evidence. See *Simmons v. Gardner,* 46 Wash. 282, 89 Pac. 887 (1907).

Once probable cause has been established, then the issue of malice becomes immaterial, since proof of probable cause is a complete defense to an action for malicious prosecution. See *Peasley v. Puget Sound Tug & Barge Co., supra,* and cases cited therein.

Plaintiff's evidence fails to meet the test established by the foregoing authorities.

The judgment is affirmed.

FINLEY, C. J., HILL, ROSELLINI, and FOSTER, JJ., concur.