[No. 16-40041-1. Division One. December 1, 1969.]
Panel 2

C. W. CREELMAN, *Respondent,* v. ARVILLE SVENNING *et al., Appellants.*

*Westmoreland, French & Meagher* and *Joseph Meagher,* for appellants.

*Bangs, Castle & Bright* and *John H. Bright,* for respondent.

UTTER, J.—This is an action for malicious prosecution. C. W. Creelman recovered special damages of $1,515 and general damages of $985 from Arville Svenning in an action tried to the court. Svenning appeals and his assignments of error challenge the adequacy of the record to support the court's findings of fact and conclusions of law.

The facts as found by the trial court indicate Creelman and Svenning are adjoining property owners. Creelman purchased his lot from D. L. King in 1957 and Svenning from W. C. Gilchrist in 1960.

In 1956 King and Gilchrist constructed a joint road on or near the mutual boundary line of their property and gave reciprocal easements of "4 feet more or less" as the road was put in without a survey and meandered through trees near the property line. When Svenning purchased in 1960, one of his agents, to obviate title insurance problems, obtained correction easements from King and Gilchrist. These easements were the same as the previous easements, but deleted the words "more or less" from the description. They did provide that "Grantee, their successors, and assigns may pass and repass over said easement road, . . ."

Although Creelman was King's contract vendee at the time the new easements were executed, the new easements were not called to Creelman's attention. He at no time was asked for any consent or permission regarding the new easements.

After Svenning took possession of his land he installed chains that blocked the road and commenced a course of conduct amounting to harassment of Creelman. Creelman continued to assert he had a right to use the road and, based on surveys, believed this in good faith.

The trial court found Svenning resolved to initiate criminal prosecution against Creelman as a result of malice, Creelman's claim of right to use the road, a desire to resolve the dispute in an inexpensive way and a desire to gain a private advantage.

Svenning initiated criminal proceedings against Creelman on June 13, 1963, charging him with criminal trespass committed on or about June 2, 1963. Svenning represented to the prosecuting attorney that Creelman had trespassed on their property on or about that date despite prior warnings.

The judge found Svenning failed to disclose to the prosecuting attorney the prior joint use of the road by the joint landowners, the use by Creelman of the road under good faith and a reasonable claim of a right, and the fact that there were reciprocal easements by previous owners of the land indicating a right to easement of 4 feet "more or less." The court found if these facts had been disclosed the prosecuting attorney would probably have refused to initiate criminal proceedings in this cause.

As a result of the criminal proceedings, Creelman was arrested and placed in jail and later released on bail. Ten days were lost from his employment attending court hearings. The criminal case against Creelman was dismissed at the close of the prosecution's case.

■ To maintain an action for malicious prosecution, the plaintiff must allege and prove (1) that the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5)

that the plaintiff suffered injury or damage as a result of the prosecution. *Robertson v. Bell,* 57 Wn.2d 505, 509, 358 P.2d 149 (1961).

There is little dispute regarding the existence of the first, fourth and fifth elements in this case. The criminal complaint was instituted at the insistence of Svenning. Its subsequent amendment by the deputy prosecuting attorney did not relieve Svenning of liability. *Low v. McDonald,* 90 Wash. 122, 155 P. 748 (1916). Svenning contends our court has not allowed recovery for general damages in malicious prosecution cases. This contention is erroneous. General damages were allowed in *Low v. McDonald, supra,* and *Charlton v. Markland,* 36 Wash. 40, 78 P. 132 (1904).

██ The word "malice" in malicious prosecution cases takes on a broader meaning than that shown in ordinary cases and is shown by proving the prosecution complained of was undertaken from improper wrongful motives or reckless disregard of the rights of the plaintiff. Impropriety of motive may be established by proof the defendant instituted criminal proceedings against the plaintiff (1) without believing him to be guilty, or (2) primarily because of hostility or ill will toward him, or (3) for the purpose of obtaining a private advantage as against him. *Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 502, 125 P.2d 861 (1942).

██ Full and fair disclosure in good faith of all known material facts by the defendant to the prosecuting attorney establishes probable cause as a matter of law and is a complete defense to a malicious prosecution action. *Robertson v. Bell, supra.* The parties agree the burden of proof is upon the defendant, however, to establish this defense. The trial court did not find Svenning met this burden and the record does not disclose he made full disclosure prior to the issuance of the complaint, as a matter of law.

There was conflicting evidence in the record on the issues of malice, want of probable cause and full disclosure. There is substantial evidence to support the findings of the trial court and they will not be overturned. *Thorndike v. Hes-*

perian Orchards, Inc., 54 Wn.2d 570, 343 P.2d 183 (1959). The conclusions of law are supported by the findings of fact.

The judgment of the trial court is affirmed.

JAMES, C. J., and STAFFORD, J., concur.