**Paul W. GOWIN and Louise A. Gowin, Plaintiffs,**

v.

**Leroy ALTMILLER, Harry CaPaul, Carl Finke, Gerald Finke and Finke Lumber Company, Inc., Defendants.**

**Civ. No. 77–3056.**

United States District Court, D. Idaho.

May 31, 1978.

Leslie T. McCarthy, Lewiston, Idaho, for plaintiffs.

William A. Stellmon, Manderson Miles, Lewiston, Idaho, for defendants Altmiller and CaPaul.

William J. Russell, Boise, Idaho, for defendants Finke and Finke Lumber Co., Inc.

## MEMORANDUM DECISION

CALLISTER, District Judge.

The Court, having heard oral arguments and reviewed all depositions, pleadings, affidavits, answers to interrogatories and admissions, finds the following facts to be undisputed:

1. That plaintiff, Paul Gowin, was employed by defendant, Finke Lumber Company, Inc.;

2. That a dispute arose between defendant, Carl Finke, and Gowin concerning reimbursement for mileage costs, gas cans allegedly purchased by Gowin for Finke Lumber, wages for overtime, and gas charges allocated to Gowin;

3. That Gowin had in his possession a two-way radio and other tools and equipment belonging to Finke Lumber;

4. That on or about July 16, 1974, Gowin mailed a letter to Carl Finke informing him that Gowin had quit his job with Finke Lumber. The letter further outlined several grievances which Gowin wanted resolved before he would return certain items of property belonging to Finke Lumber;

5. That on or about July 17, 1974, defendant Gerald Finke took Gowin's letter and time card to defendant, Leroy Altmiller, acting Sheriff of Clearwater County;

6. That Sheriff Altmiller conferred with the County Prosecutor, Ron Schilling, on several occasions;

7. That Gowin returned some of the withheld tools to Pierce Auto Supply in Pierce, Idaho;

8. That Prosecutor Schilling, knowing of the returned tools, made the determination that probable cause existed to believe that Gowin had committed the crime of embezzlement;

9. That Sheriff Altmiller signed a complaint against Gowin;

10. That defendant, Harry CaPaul, a deputy sheriff for Clearwater County, upon information relayed to him by Sheriff Altmiller and believing that a felony had been committed, arrested Gowin without a warrant on the charge of embezzlement on July 18, 1974;

11. That, after spending the night in jail, Gowin was arraigned and released on his own recognizance on July 19, 1974;

12. That later on July 19, 1974, a warrant to search his pickup was served on Gowin by Deputy Sheriff Gene Jones;

13. That in a subsequent search the two-way radio and various tools belonging to Finke Lumber were found in and removed from Gowin's pickup;

14. That on December 30th and 31st of 1974, Gowin was tried for and convicted of the crime of embezzlement;

15. That the conviction was subsequently reversed by the Idaho Supreme Court in *State v. Gowin*, 97 Idaho 766, 554 P.2d 944 (1976), on the ground that the State had failed to prove Gowin's fraudulent intention beyond a reasonable doubt.

After the reversal, Gowin and his wife, Louise, filed suit against Gerald Finke, Carl Finke, and Finke Lumber Company, Inc., Sheriff Altmiller of Clearwater County, and his Deputy, CaPaul. The complaint clearly alleges two causes of action against the Finkes: malicious prosecution and abuse of process. Additionally, the complaint alleges a violation of 42 U.S.C. § 1983 against the Sheriff and his Deputy, and generally alleges that all defendants acted in concert with respect to all causes of action.

Defendants Finke move for summary judgment with respect to all three causes of action: malicious prosecution, abuse of process, and violation of 42 U.S.C. § 1983, and defendants Altmiller and CaPaul move for dismissal of the cause of action allegedly arising under 42 U.S.C. § 1983. Based upon the undisputed facts and pertinent

law, it is the opinion of this Court that both motions are well taken.

*Claims Against Finkes:*

Want of probable cause is an essential element in an action for malicious prosecution. In order to recover in this action, the plaintiffs must allege and prove (1) that there was a prosecution; (2) that it terminated in favor of the plaintiffs; (3) that the defendants were prosecutors; (4) that they were actuated by malice; (5) that there was a want of probable cause; and (6) the amount of damages that plaintiffs have sustained. *Russell v. Chamberlain*, 12 Idaho 299, 303, 85 P. 926 (1906); *Robinson v. White*, 90 Idaho 548, 414 P.2d 666 (1966); Restatement (Second) of Torts § 667.

The vast weight of authority agrees that conviction of an offense is conclusive in establishing that probable cause existed for the prosecution of that offense, thus precluding a claim of malicious prosecution. Restatement (Second) of Torts § 667 provides:

Effect of conviction or acquittal:

(1) The conviction of the accused by a magistrate or trial court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury, or other corrupt means.

The Comment of Subsection (1) of § 667 provides:

(a) The rule stated in this subsection is applicable, not only when the accused has been convicted by a court consisting of a judge and jury, or by a judge sitting as the trier of fact as well as of law, but also when the conviction is by a magistrate in a case in which he has summary jurisdiction.

(b) The rule stated in this subsection applies both when the proceedings are abandoned after the conviction has been set aside by the appellate court and when after a conviction has been set aside, the accused is acquitted upon a second trial. Unless the conviction was obtained by fraud, perjury or other corrupt means,

the opinion of the trier of fact expressed by its verdict under the rule that the guilt of the accused must be established beyond a reasonable doubt is regarded as conclusive evidence that the person who initiates the proceedings had reasonable grounds for doing so.

As the Wisconsin Supreme Court noted:

The question here is not whether the respondent was guilty or not guilty . ., but whether the appellant had probable cause in instituting the charges . .. The conviction of the respondent is evidence of the probable cause which existed at the time the appellant made the charges. *Tarantino v. Griebel*, 9 Wis.2d 37, 100 N.W.2d 350 (1960).

Plaintiffs argue in memorandum brief that the probative effect of the criminal conviction was destroyed by the reversal by the Idaho Supreme Court. This Court agrees with the *Restatement* position, cited above, which explicitly provides that the probative effect of the original conviction is not destroyed by a subsequent reversal. Therefore, the presence of probable cause effectively bars plaintiffs' causes of action for malicious prosecution.

Moreover, the Idaho Supreme Court has held that with full disclosure to the prosecuting attorney, and, if the decision to prosecute is left with the prosecuting attorney, such constitutes a complete defense to a lay person who brings the matter to the attention of the prosecuting attorney in a lawsuit for malicious prosecution.

In *Allen v. Moyle*, 84 Idaho 18, 24, 367 P.2d 579, 583 (1961), the rule is stated as follows:

This court has adopted the general rule that advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions, where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all the facts. The fact that the attorney's advice was unsound or erroneous will not affect the result.

*Robinson v. White*, 90 Idaho 548, 414 P.2d 666 (1966). *See, also, Howard v. Felton*, 85 Idaho 286, 379 P.2d 414 (1963); *Todd v. Melcher*, 11 Ariz.App. 157, 462 P.2d 850 (1970); *Page v. Rose*, 546 P.2d 617 (Okl. 1976); *Creelman v. Svenning*, 1 Wash.App. 402, 461 P.2d 557 (1969); *Lampos v. Bazar, Inc.*, 270 Or. 256, 527 P.2d 376 (1974).

Uncontroverted facts indicate that the Finkes fully disclosed all relevant matters to the prosecuting attorney, and that the prosecuting attorney nonetheless advised the Sheriff to proceed with the action. This also constitutes a complete defense to the claim for malicious prosecution against the Finkes, and the Finkes, therefore, are entitled to summary judgment of the cause of action.

Plaintiffs' claim of abuse of process fails because there is no evidence of any improper purpose nor any willful act in the use of the process not proper in the regular conduct of the proceeding. Prosser, Law of Torts, at 857 (1971). In addition, if a cause of action does arise from the facts before the Court, it is barred by the running of the statute of limitations described in Idaho Code § 5–219.

■ There is absolutely no indication in the facts that there was any threat by the Finkes co-extensive with the referral of the matter to Sheriff Altmiller aimed at coercing the return of the equipment held by Gowin. The evidence supports the conclusion that they turned the matter over to the Sheriff merely because they felt a crime had been committed. The claim is, therefore, ripe for summary action.

■ The statute of limitations applicable to the abuse of process claim is Idaho Code § 5–219. That statute provides a two-year limitation for "an action to recover damages . . . for an injury to the person," and for "an action for libel, slander, assault, battery, false imprisonment or seduction." Generally, Idaho Code § 5–219 includes all injuries to the person and is of the sort which should be applied to an abuse of process claim. Inclusion of such actions as libel, slander, false imprisonment or seduction indicates that the legislature in Idaho intended Idaho Code § 5–219 to include all injuries to the person, of any sort.

■ A cause of action for abuse of process accrues from the termination of the acts which constitute the abuse complained of. The acts which allegedly constitute the abuse in the present case occurred on July 16, 1974, and this action was commenced August 29, 1977. The abuse of process claim, therefore, is barred by the statute.of limitations.

■ Plaintiffs allege that defendants Finke violated 42 U.S.C. § 1983 "by virtue of the coordination of their efforts and other considerations . . . ." The Court disagrees and finds no facts to support the allegation. A private person, complaining to a state prosecutor, is not liable under 42 U.S.C. § 1983 merely upon the basis of allegations that acts were "committed in concert" with the prosecutor. *Grow v. Fisher*, 523 F.2d 875 (7th Cir. 1975); *Sykes v. State of California (Dept. of Motor Vehicles)*, 497 F.2d 197 (9th Cir. 1974); *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974); *Haldane v. Chagnon*, 345 F.2d 601 (9th Cir. 1965); *Guedry v. Ford*, 431 F.2d 660 (5th Cir. 1970); *Brown v. Dunne*, 409 F.2d 341 (7th Cir. 1969).

■ Any action against the Finkes pursuant to 42 U.S.C. § 1983 is barred by the statute of limitations. In determining the statute of limitations applicable to 42 U.S.C. § 1983, it is necessary to look to state law to determine what state statute of limitations is applicable. *Johnson v. Dailey*, 479 F.2d 86 (8th Cir. 1973). Liability for a civil rights violation is created by the federal statute, 42 U.S.C. § 1983, and thus is governed by Idaho Code § 5–218 which provides a three-year statute of limitations for "an action upon a liability created by statute." *Id.* That a "liability created by statute" limitation is applicable to 42 U.S.C. § 1983 violations is well established in the Ninth Circuit. *Mason v. Schaub*, 564 F.2d 308 (9th Cir. 1977); *Shouse v. Pierce County*, 559 F.2d 1142 (9th Cir. 1977); *Strung v. Anderson*, 452 F.2d 632 (9th Cir. 1971); *Bergschneider v. Denver*, 446 F.2d 569 (9th

Cir. 1971); *Ney v. State of California*, 439 F.2d 1285 (9th Cir. 1971); *Donovan v. Reinbold*, 433 F.2d 738 (9th Cir. 1970); *Smith v. Cremins*, 308 F.2d 187 (9th Cir. 1962).

As to the time that such a cause of action arises, it is clear that the alleged cause of action arises, if at all, when the citizen takes the complaint to the prosecutor. The continuing actions of the prosecutor in court throughout the remainder of the case are not attributed to the citizen, and do not affect the statute of limitations. *Strung v. Anderson*, 452 F.2d 632, 633 (9th Cir. 1971). In the instant case, all of the acts by the Finkes in instituting the prosecution occurred in July of 1974. For the purpose of the three-year statute of limitations as to the civil rights violation, the action was barred as of July of 1977. The complaint herein was not filed until August, 1977, and therefore, the statute of limitations had expired. Therefore, defendants are entitled to summary judgment as to the civil rights violation claim.

Plaintiffs allege that Gowin's incarceration tolls the statute of limitations. Tolling of statute of limitations for persons who are imprisoned is provided for, in limited circumstances, in Idaho Code § 5–230:

Persons under disabilities—other than for real property—if a person entitled to bring an action, other than for the recovery of real property, be, at the time the cause of action accrued, either: . . . (3) imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; the time of such disability is not a part of the time limited for the commencement of the action, provided, however, that the time limited for the commencement of an action shall not be tolled for a period of more than six years on account of minority, incompetency, a defendant's disability or for other cause or reason except as specifically provided in § 5–213, Idaho Code.

It is critical to note that the disability must be in effect at the time the cause of action accrues. If a person is not incarcerated at the time the cause of action arises, a subsequent incarceration does not toll the statute of limitations. *See*, Annot. 77 A.L.R.3d 735, Imprisonment as Tolling Civil Limitations, Section 8, at 752 (1977).

The causes of action alleged against the Finkes are all based on their attempt to explore possible criminal violations by Gowin. It was not until after they had taken the matter to the Sheriff, and turned it over completely to law enforcement officials, that Gowin was arrested and incarcerated. Thus, during the time of their active participation, Gowin had not yet been incarcerated, and there is no tolling of the statute of limitations.

*Claim Against Altmiller and CaPaul:*

Any alleged causes of action arising under the provisions of 42 U.S.C. § 1983 or 42 U.S.C. § 1985 against either defendant is barred by the applicable statute of limitations.

The defense of limitations may be raised by a motion to dismiss when the time alleged in the complaint shows that the action was not brought within the statutory period, *Williams v. Coughlan*, 244 F.2d 6 (9th Cir. 1957), as pointed out by Professor Moore, "[E]ven where the defect does not appear on the face of the complaint, defendant should be able to raise it by motion to dismiss accompanied by affidavits or other material, which Rule 12(b) now permits the court to treat as a motion for summary judgment." 2A Moore's Federal Practice, at 2314–2316 (2d ed.).

Since there is no applicable federal statute of limitations the Court is obligated to apply the most analogous state statute of limitations to civil rights actions. *Johnson v. Railway Express Agency, Inc.*, 489 F.2d 525, 529 (5th Cir. 1973), *aff'd* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). The Idaho statute of limitations most analogous to the alleged 42 U.S.C. § 1983 action against defendants Altmiller and CaPaul are Idaho Code § 5–219(1) or § 5–219(5), which are as follows:

Within two (2) years: 1. An action against a sheriff, coroner, or constable,

upon the liability incurred by the doing of an act in his official capacity, and in virtue of his office, or by the omission of an official duty, including the nonpayment of money collected upon an execution.

5. An action for libel, slander, assault, battery, false imprisonment or seduction.

The Court finds that either provision of Idaho Code § 5–219(5) or § 5–219(1) is applicable to the 42 U.S.C. § 1983 action alleged by plaintiffs and such action being brought more than two years from its accrual on July 16, 1974, is barred. For the same reasons previously outlined, there has been no tolling of these statutes of limitations and this claim is properly subject to these defendants' motion to dismiss.