[No. 8497–6–I.   Division One.   June 29, 1981.]

LeRoy Olsen, *Appellant,* v. Lee R. Fullner, et al, *Respondents.*

*Sherwood, Bentley & Anderson* and *John H. Anderson* of *Bellingham Legal Center,* for appellant.

*Gilbert E. Mullen, Richard C. Platte, Waitt, Johnson & Martens, Barry M. Johnson, Patrick L. Brock, City Attorney,* and *Charles Shaw, Assistant,* for respondents.

CORBETT, J.—Plaintiff appeals a summary judgment of dismissal of his action for malicious prosecution.

Plaintiff had been charged with first degree theft of timbers which had been left in his possession. The charge was dismissed during trial at the close of the State's case.

In 1974, a Bellingham police officer purchased the timbers from a building that was being torn down. He stored them on a lot leased by plaintiff. Three years later, the defendant Fullner, also a Bellingham police officer, contacted the plaintiff to purchase the timbers but was referred to the owner. When plaintiff's lease on the lot expired he arranged to have the timbers moved to his new location by giving half of them to the organization that moved them. In 1978, when Fullner, who had purchased the timbers, discovered them missing, he confronted the plaintiff who then claimed them as abandoned. Fullner contacted the prosecuting attorney who caused the Bellingham Police Department to investigate the incident and then prepared an affidavit of probable cause and upon the court entering a finding to that effect, he charged the plaintiff by information with first degree theft.

Plaintiff filed no responsive affidavits in answer to the motion for summary judgment, relying upon the rule in Washington that

A *prima facie* case of want of probable cause is estab-

lished by proof that the criminal proceedings were dismissed or terminated in favor of the party bringing the malicious prosecution action.

*Peasley v. Puget Sound Tug & Barge Co.,* 13 Wn.2d 485, 498, 125 P.2d 681 (1942).

The elements of a malicious prosecution action are:

(1) [T]hat the prosecution claimed to have been malicious was instituted or continued by the defendant; (2) that there was want of probable cause for the institution or continuation of the prosecution; (3) that the proceedings were instituted or continued through malice; (4) that the proceedings terminated on the merits in favor of the plaintiff, or were abandoned; and (5) that the plaintiff suffered injury or damage as a result of the prosecution.

*Creelman v. Svenning,* 1 Wn. App. 402, 404–05, 461 P.2d 557 (1969).

Lack of probable cause must be proved by the plaintiff as an essential element. *Peasley, supra* at 499. On the other hand, proof of probable cause is a complete defense to an action for malicious prosecution. *Pace v. Brodie–National, Inc.,* 60 Wn.2d 654, 656, 374 P.2d 1000 (1962). Full and honest disclosure of all material facts to the prosecutor establishes probable cause as a matter of law. *Robertson v. Bell,* 57 Wn.2d 505, 510, 358 P.2d 149 (1961). It appears from the affidavit for probable cause and affidavits in support of the motion for summary judgment that Fullner and the investigating officer gave all relevant information to the prosecutor. Appellant suggests that because the trial court failed to consider plaintiff's community standing and reputation, defendant's affidavits were inadequate to rebut plaintiff's case. Such evidence was never offered to the motion judge and we do not decide whether it would have presented a genuine issue for trial. It was incumbent upon the plaintiff to buttress the prima facie showing of lack of probable cause inferred from the dismissal by alleging specific facts to raise a material issue. *LaPlante v. State,* 85 Wn.2d 154, 531 P.2d 299 (1975). That prima facie showing was overcome as a matter of law by the

affidavit and finding of probable cause.

Appellant asserts that a police officer must meet a higher standard of care than a private citizen in making a complaint to the prosecuting attorney but does not suggest a definition of that standard. No authority is cited for the proposition and it will not be considered on appeal. *State v. Partin,* 88 Wn.2d 899, 902, 567 P.2d 1136 (1977).

Affirmed.

RINGOLD, A.C.J., and ANDERSEN, J., concur.