Gene A. CAMARATA, Plaintiff—
Appellant,

v.

CITY OF LYNNWOOD; Alan A. Correa; Central Washington University; Alan B. Daigre; Robert L. Botley; Robert M. Benton; Ivory Nelson; Judy Miller; Gwen Chaplin; Frederick L. Glover, Frank Sanchez; Mike Sells; R.Y. Woodhouse; Wilfred Woods; John Doe # 1; John Doe # 2; John Doe # 3, Defendants—Appellees.

No. 00–35352.

D.C. No. CV–98–01826–JCC.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 7, 2002.*

Decided Jan. 10, 2002.

* This panel unanimously finds this case suitable for decision without oral argument.

Fed. R.App. P. 34(a)(2).

Before THOMAS, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM**

Gene A. Camarata appeals the district court's grant of summary judgment. We affirm.

### I

■ The district court properly denied Camarata's motion to remand because it had subject matter jurisdiction over Camarata's claims asserted pursuant to 42 U.S.C. § 1983. *Munger v. City of Glasgow Police Dep't,* 227 F.3d 1082, 1085 (9th Cir.2000) (stating that the federal courts have jurisdiction over § 1983 claims). The fact that the defendants have raised some Eleventh Amendment defenses does not alter this conclusion. *Wis. Dep't of Corr. v. Schacht,* 524 U.S. 381, 389, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).

### II

■ Under Washington law, "[f]alse arrest may be committed only by one who has legal authority to arrest or who had pretended legal authority to arrest." *Bender v. City of Seattle,* 99 Wash.2d 582, 664 P.2d 492, 499 (Wash.1983) (en banc) (*citing Kilcup v. McManus,* 64 Wash.2d 771, 394 P.2d 375 (Wash.1964) (en banc)); *see also Demelash v. Ross Stores, Inc.,* 105 Wash.App. 508, 20 P.3d 447, 458 (Wash.Ct. App.2001). Therefore, the district court correctly granted summary judgment as to Camarata's claim of false arrest because none of the defendants had actual authority to arrest, nor did they pretend that they possessed such authority. Camarata's

false imprisonment claim similarly fails because, under Washington law, a person does not commit the tort of false imprisonment merely by requesting law enforcement assistance, without otherwise using force or threats. *Dang v. Ehredt,* 95 Wash.App. 670, 977 P.2d 29, 38 (Wash.Ct. App.1999).

■ The district court properly granted summary judgment on Camarata's malicious prosecution claim because the decision to prosecute was made independently by government officials after the defendants fully and fairly disclosed all the relevant facts. *Creelman v. Svenning,* 1 Wash.App. 402, 461 P.2d 557, 559 (Wash. Ct.App.1969).

### III

■ The district court correctly granted summary judgment on Camarata's claims for negligent supervision and defamation for failure to tender sufficient evidence to meet the required elements for each action. Camarata's claim that defendant Miller negligently did not adequately train and supervise her employees fails because Camarata did not tender any evidence establishing that there was either a duty to supervise the accused employees or that any failure to supervise caused the alleged damages. *Gurno v. Town of LaConner,* 65 Wash.App. 218, 828 P.2d 49, 54–55 (Wash. Ct.App.1992).

Similarly, Camarata failed to tender any evidence that the statements which form the basis of his defamation claim were either false or imbued with defamatory meaning. *See Robel v. Roundup Corp.,* 103 Wash.App. 75, 10 P.3d 1104, 1113 (Wash.Ct.App.2000). Thus, this claim fails as a matter of law.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

## IV

Camarata's claim that he was excluded from the meeting in retaliation for his prior exercise of his free speech rights fails because he did not tender any evidence that he had engaged in constitutionally protected conduct prior to the incident in question. *See Gillette v. Delmore,* 886 F.2d 1194, 1197 (9th Cir.1989).

He argues for the first time on appeal that his First Amendment rights were violated merely by his exclusion from the meeting. "Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal, although we have discretion to do so." *El Paso City of Texas v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.),* 217 F.3d 1161, 1165 (9th Cir.2000). Because there are no exceptional circumstances presented, and because consideration of the issue would prejudice the defendants, we decline to consider the new argument.

## V

There are a number of other claims that Camarata asserted in his complaint, but which he did not argue on appeal. Thus, he has waived his argument with respect to these claims and defendants. *Pierce v. Multnomah County,* 76 F.3d 1032, 1037 n. 3 (9th Cir.1996).

AFFIRMED.