# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THOMAS E. LUTZ, | ) | No. 72990-0-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| WILLIAM P. RAETHER, | ) ) | |
| Appellant. | ) | FILED: March 7, 2016 |

TRICKEY, J. — Thomas Lutz sued William Raether for malicious prosecution in 2013. After a bench trial, the court found in favor of Lutz, awarding him damages stemming from incidents in 2008, 2009, 2010, and 2013. On appeal, Raether argues that the 2008 incidents are time-barred, the findings of facts are unsupported, and the judge was biased. Because we hold that the findings of fact and conclusions of law are insufficient to permit appellate review, we reverse and remand for a new trial without considering the issues Raether raises.

## FACTS

Lutz lives about a mile away from Raether in Carnation, Washington. The two men had a violent confrontation in February 2008. Raether claims that Lutz threatened to kill him and then punched him in the face, breaking his sunglasses. In March 2008, Raether obtained a permanent anti-harassment order against Lutz based on that incident. The court order prohibited Lutz from entering Raether's property and stopping in front of the property.

Over the next four years, Raether made approximately 30 calls to the police, accusing Lutz of violations the anti-harassment order. Lutz and Raether dispute the facts of nearly every alleged encounter.

Lutz sued Raether for malicious prosecution in February 2013. In his amended complaint, Lutz focused on six reports Raether made about him to the police. The six allegations were that Lutz: (1) assaulted Raether in 2008, (2) made donuts on Raether's lawn in 2008, (3) gave Raether the middle finger when they drove past each other in 2009, (4) threatened Raether's life and called him a "prick" in 2010, (5) blocked Raether's driveway with his truck in 2012, and (6) sent court papers to Raether through the mail in 2013.[1] Lutz referred to each as a separate claim of malicious prosecution.

In November 2014, the case proceeded to a bench trial. The court found in favor of Lutz. It entered written findings of fact and conclusions of law in December. Raether appeals.

ANALYSIS

Inadequate Findings of Fact and Conclusions of Law

Raether challenges each of the trial court's findings of fact and conclusions of law. He asserts that there is not substantial evidence to support the findings of fact and that, even as written, the findings of fact and conclusions of law do not support judgment against him for malicious prosecution. We do not address these claims because the findings of fact and conclusions of law are inadequate to permit meaningful appellate review.

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specifically and state separately its conclusions of law." CR 52(a)(1). It is not necessary for the court to enter a finding "concerning every

---

[1] Clerk's Papers (CP) at 229-32. The police reports make up plaintiff's exhibits 1, 3, 5, 6, 4, and 7, respectively.

contention made by parties to a case" but there must be findings for all material issues. Daughtry v. Jet Aeration Co., 91 Wn.2d 704, 707, 592 P.2d 631 (1979). The findings must be sufficient to "inform the appellate court, on material issues, 'what questions were decided by the trial court, and the manner in which they were decided.'" Daughtry, 91 Wn.2d at 707 (internal quotations omitted) (quoting Bowman v. Webster, 42 Wn.2d 129, 134, 253 P.2d 934 (1953).

The Court of Appeals may refer to the trial court's oral opinion if "the findings by themselves are inadequate to fully explain the rationale of the trial court." Port Townsend Pub. Co., Inc. v. Brown, 18 Wn. App. 80, 85, 567 P.2d 664 (1977). But, when the oral ruling is not helpful, and "the findings and conclusions are missing or are defective, the proper remedy is remand for entry of adequate ones unless the appellate court is persuaded that sufficient basis for review is present in the record." Little v. King, 160 Wn.2d 696, 699, 161 P.3d 345 (2007); In re Marriage of Lawrence, 105 Wn. App. 683, 686, 20 P.3d 972 (2001). "Where the trial judge who entered deficient findings is no longer on the bench, the only recourse is a new trial." Wold v. Wold, 7 Wn. App. 872, 877, 503 P.2d 118 (1972).

In order to support judgment in Lutz's favor on his malicious prosecution claim, the trial court's findings of fact and conclusions of law needed to show that Lutz had established all the elements of malicious prosecution. Those elements are that the defendant instituted or continued the prosecution, without probable cause and with malice, that the proceeding terminated on the merits in favor of the plaintiff or was abandoned, and that the plaintiff suffered injury as a result of the

3

prosecution. <u>Youker v. Douglas County</u>, 162 Wn. App. 448, 461, 258 P.3d 60 (2011).

The dismissal of criminal charges establishes a prima facie case of lack of probable cause. <u>Olson v. Fullner</u>, 29 Wn. App. 676, 677-78, 630 P.2d 492 (1981). But, if "'the defendant, before instituting criminal proceedings against the plaintiff, made to the prosecuting attorney a full and fair disclosure, in good faith, of all the material facts known to him,'" and then the prosecuting attorney decided to file charges, the defendant has established probable cause as a matter of law. <u>Bender v. City of Seattle</u>, 99 Wn.2d 582, 593-94, 664 P.2d 492 (1983) (quoting <u>Peasley v. Puget Sound Tug & Barge Co.</u>, 13 Wn.2d 485, 499-500, 125 P.2d 681 (1942)).

Legal fees and emotional distress will not support an action for malicious prosecution absent an arrest, seizure of property, or interference with the person, such as a criminal arraignment or the execution of a search warrant on the plaintiff's home. <u>Banks v. Nordstrom, Inc.</u>, 57 Wn. App. 251, 261, 787 P.2d 953 (1990).

The statute of limitations for claims of malicious prosecution is three years from the date the prosecution terminated. RCW 4.16.080(2); <u>Nave v. City of Seattle</u>, 68 Wn.2d 721, 723, 415 P.2d 93 (1966).

Here, the findings of fact and conclusions of law do not permit this court to review the basis for judgment on any one of Lutz's six individual claims of malicious prosecution. It is not clear on review that the trial court considered whether Lutz established all the elements of malicious prosecution for any of Raether's specific incidents. Instead, it appears that the trial court's findings of fact and conclusions

of law treat the several distinct allegations of malicious prosecutions as one continuing and improper course of conduct. Neither Lutz nor the court offered any authority for this construction of the tort of malicious prosecution.

The written findings of fact leave unanswered material questions of fact relating to the elements of malicious prosecution, including whether Raether made a good faith disclosure of material facts to the police during some of his reports, and whether those reports led to Lutz's arrest. The first finding of fact is that Raether "has misled the Court, police dispatchers, and responding officers about alleged acts of contact with [Lutz], for the purpose of harassing [Lutz], resulting in him being stopped and arrested."[2] But there are no specific findings about the truthfulness of Raether's reports to the police for five out of six of Lutz's claims.

For the sixth claim, there is a finding that Raether made multiple reports to the police about Lutz mailing him discovery responses, but no specific finding that those reports led to Lutz's arrest. In fact, there are no findings that any particular call to the police resulted in Lutz's arrest. The nearest conclusion is that, when reciting damages, the court specifies some of the damages should cover Lutz's losses related to spending five days in jail because of the occasion when he allegedly called Raether a "prick."[3] The result of each police report Raether made was a material question of fact because Lutz needed to show that there was an arrest, seizure of property, or interference with his person because of the malicious prosecutions.

---

[2] CP at 470-74 (finding of fact 1.1).
[3] CP at 473 (conclusion of law (CL) 2.4).

The findings of fact and conclusions of law are also silent on the material issue of timing. There are no findings about when any of the charges were dropped. The trial court concluded that "[t]he false claims and complaints were terminated or dismissed because of a failure of proof. Mr. Raether's subjective reports and complaints are objectively unreasonable and designed to cause [Lutz] and others harm."[4]

Timing was a material fact because Lutz based most of his claims on incidents that occurred in 2008 and January 2009. Lutz did not file his first complaint until February 27, 2013. Despite mentioning the statute of limitations during trial, the court awarded Lutz damages for the incidents in 2008 and 2009. Nothing in the findings of fact or conclusions of law explains how the court resolved the statute of limitations issue.

The conclusions of law also do not explain how the trial court determined that Raether should pay Lutz $1,000. The trial court concluded that Raether had caused Lutz "great financial loss" and found Raether "accountable for his actions by paying compensatory damages for some of the following losses:"

1. Lawyer fees for the dismissed case in the North East District Court resulting from Carnation/Duvall police report 08-00169 (Exhibit-1).
2. Lawyer fees for the dismissed case in the King County Superior Court resulting from King County police report 09-017310 (Exhibit-5).
3. Lawyer fees for the dismissed case in the North East District Court resulting from Carnation/Duvall police report 10-00144c (Exhibit-6).
4. Lawyer fees for the dismissed case in the North East District Court resulting from King County police report 13-091857 (Exhibit-7).
5. Money paid to All City Bail bond (Exhibit-9).

---

[4] CP at 472 (CL 2.3).

6

6. Five days in jail after the arrest on 03/03/2010 by the Carnation/Duvall police.
7. Money paid to Mac Towing after the arrest on 03/03/2010 by the Carnation/Duvall police (Exhibit-11).
8. Loss of silver jewelry after the arrest on 03/03/2010 by the Carnation/Duvall police (Exhibit-12).
9. Loss of Heavy truck tools after the arrest on 03/03/2010 by the Carnation/Duvall police.[5]

The evidence suggests that Lutz's damages would easily have been several times those the court awarded. The bail bond alone cost Lutz $5,000. If we were to determine, for example, that recovery for the 2008 and 2009 incidents was unavailable because of the statute of limitations, there would be no way to resolve the issue of damages.

The trial court's oral ruling does not provide any clarity on the material issues.

The trial judge who heard this case has retired, therefore, we cannot remand for entry of additional findings of fact or conclusions of law. Accordingly, we must reverse and remand for a new trial.

Because of the disposition of this case, we do not address Raether's specific assignments of error.

We reverse the judgment of the trial court and remand for a new trial.

_Trickey, J_

WE CONCUR:

_Cox, J._

---

[5] CP at 473 (CL 2.4).

7